The STATE of Ohio, Appellee,

v.

VANSCODER, Appellant.

[Cite as *State v. VanScoder* (1994), 92 Ohio App.3d 853.]

Court of Appeals of Ohio,
Wayne County.

No. 2805.

Decided Feb. 2, 1994.

*Martin Frantz*, Wayne County Prosecuting Attorney, and *Corey Spitler*, Assistant Prosecuting Attorney, for appellee.

*Julia A. Cain*, for appellant.

BAIRD, Judge.

This cause comes before the court upon the appeal of Garrie VanScoder from the judgment of the Wayne County Court of Common Pleas finding him guilty of one count of trafficking in marijuana and sentencing him to twelve months' imprisonment. We affirm.

After noticing its loud exhaust system and flickering taillight, a Wayne County sheriff's deputy stopped VanScoder's car. The deputy asked VanScoder for his driver's license and registration. While the car window was open, the deputy smelled the odor of burnt marijuana and saw a roach, the stub of a marijuana cigarette, in the car's open ashtray. Upon further investigation, the deputy discovered two more roaches on the floorboards in front of the driver's seat and, ultimately, a garbage bag containing a large amount of marijuana on the back seat. The deputy then arrested VanScoder and impounded his car.

After the trial court denied VanScoder's motion to suppress the evidence found in his car, he entered a plea of no contest to the trafficking in marijuana charge and the court found him guilty. VanScoder appeals, asserting three assignments of error:

"I. The trial court erred in failing to grant defendant's motion for suppression of evidence obtained as a result of an illegal search and seizure."

"II. The trial court erred in finding that Deputy Garrison was justified in conducting a traffic stop of appellant's vehicle."

"III. The trial court erred in finding that Deputy Garrison had probable cause to search the appellant's vehicle, specifically the closed garbage bag."

This appeal hinges on the quality of the traffic stop. If the deputy made a valid stop, then the odor of burnt marijuana and the roach in the ashtray (which were readily apparent) gave him probable cause to make a more thorough search of VanScoder's car, including the closed garbage bag. If the stop was not justified, all the evidence stemming from it must be excluded. *Wong Sun v. United States* (1963), 371 U.S. 471, 485, 83 S.Ct. 407, 416, 9 L.Ed.2d 441, 454.

A law enforcement officer must have a reasonable, articulable suspicion that a person is or has been engaged in criminal activity before he is justified in stopping a vehicle. *Terry v. Ohio* (1968), 392 U.S. 1, 21–22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906. This standard requires something less than probable cause; an officer's reasonable belief that a person is acting in violation of the law is sufficient to justify an investigatory stop. In this case, the state maintains that the deputy believed VanScoder to be in violation of the law because of his car's loud exhaust and flickering taillight. Whether either condition could be proved to be a criminal offense, or even whether the deputy had probable cause to believe they existed and constituted a crime, his reasonable suspicion justified the stop.

This case is distinguishable from both *State v. Chatton* (1984), 11 Ohio St.3d 59, 11 OBR 250, 463 N.E.2d 1237, and *State v. Frye* (1985), 21 Ohio App.3d 133, 21 OBR 141, 487 N.E.2d 580, upon which VanScoder relies. In *Chatton*, the police officer stopped a vehicle because he was unable to see its temporary license. The court ruled that, once the officer saw that the vehicle was properly licensed, his reasonable suspicion was extinguished and the stop should have come to an end. *Chatton*, 11 Ohio St.3d at 63, 11 OBR at 253–254, 463 N.E.2d at 1241. Evidence seized in the subsequent search of the vehicle was inadmissible. *Id.* In the case at bar, the deputy's reasonable suspicion was never extinguished. Since the motor was turned off, he had no way to determine if the exhaust system was too loud. Similarly, the fact that the taillight was no longer flickering did not negate his previous observation.

In *Frye*, the police officer stopped a vehicle because one of its taillights was out. Since both the Ohio Revised Code and the local ordinances required only one working taillight, the officer lacked an articulable and reasonable suspicion that the driver was violating the law. Consequently, the stop was invalid. *Frye* 21 Ohio App.3d at 133–134, 21 OBR at 142–143, 487 N.E.2d at 581–582. In contrast, a malfunctioning muffler is a violation of R.C. 4513.22 and a flickering taillight is at least arguably a violation of R.C. 4513.17(C). The deputy, therefore, had a reasonable, articulable suspicion that a crime was being committed. Consequently, the stop was warranted.

Once the car was validly stopped, the deputy was free to observe whatever was in plain view. The odor and sight of marijuana gave him probable

856

cause to make a warrantless search of VanScoder's car under the "automobile exception" to the Fourth Amendment warrant requirement. *Carroll v. United States* (1925), 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; *State v. Ford* (Nov. 14, 1990), Lorain App. No. 4801, unreported, 1990 WL 178075. Further, under *United States v. Ross* (1982), 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572, "[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *Id.* at 825, 102 S.Ct. at 2173, 72 L.Ed.2d at 594.

Because the stop was valid, all the evidence found is admissible. VanScoder's assignments of error are without merit, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

Cook, P.J., and Reece, J., concur.