OPINION
In this accelerated calendar case submitted on the briefs of the parties, appellant, Willard F. Schade, Jr., appeals from a decision of the Willoughby Municipal Court which overruled his motion to suppress evidence collected by the Willowick Police Department pursuant to a traffic stop. For the reasons that follow, we affirm the judgment of the trial court.
On February 9, 1997, Officer Steven D. Fellinger of the Willowick Police Department was on routine patrol. Traveling westbound on Lakeshore Boulevard, at approximately 1:00 a.m., Officer Fellinger observed a brown Chevrolet Suburban, being operated by appellant, traveling in the opposite direction. Officer Fellinger turned his patrol car around and began to follow as appellant continued eastbound on Lakeshore Boulevard past East 305th Street.
Appellant was observed by Officer Fellinger for approximately 1.1 miles over a time period of between three and five minutes. During the course of his observation, Officer Fellinger noticed that appellant was operating his vehicle in a "continuous weaving manner" from the center yellow line to the white dotted line dividing the two lanes of traffic headed eastbound on Lakeshore Boulevard from East 305th Street to Vine Street. Just past Vine Street, where Lakeshore Boulevard narrows to one lane of traffic in each direction, Officer Fellinger observed appellant continue in his weaving manner and travel over the double yellow line into the westbound lane on one occasion. At this point, Officer Fellinger activated his overhead lights and stopped appellant on Lakeshore Boulevard near East 330th Street.
Appellant subsequently agreed to submit to a breath test. The result of appellant's test was a BAC of .143. Appellant was arrested and cited for the following offenses: driving under the influence of alcohol and/or drugs of abuse in violation of R.C.4511.19(A)(1); driving with a prohibited blood alcohol content in violation of R.C. 4511.19(A)(3); driving in a weaving course and failure to maintain reasonable control of a motor vehicle in violation of Section 331.34 of the Codified Ordinances of the City of Willowick; left of center in violation of Section 331.01 of the Codified Ordinances of the City of Willowick; possession of marijuana (less than 100 grams) in violation of R.C. 2925.11; and an open container in violation of Section 529.07(B)(4) of the Codified Ordinances of the City of Willowick. Appellant entered an initial plea of not guilty on all charges.
On March 3, 1997, appellant filed a motion to dismiss or, in the alternative, a motion to suppress. In his motion, appellant challenged Officer Fellinger's basis for the stop of his vehicle.
A hearing on appellant's motion was held before the Willoughby Municipal Court on April 2, 1997. At the hearing, Officer Fellinger testified as to his observations in the early morning hours of February 9, 1997. Additionally, the officer testified that he stopped appellant's vehicle because it was being operated in a "continuous weaving manner" for more than a one mile period, and, on one occasion, crossed over the double yellow line entering the opposing lane of traffic. Appellant, while denying that he did anything wrong, testified at the suppression hearing that he had four beers during the course of his travels earlier in the evening.
The trial court overruled appellant's motions on April 8, 1997, finding that Officer Fellinger had a sufficient factual basis to make the traffic stop of appellant's vehicle. Subsequently, on April 11, 1997, appellant entered a negotiated plea of "no contest" to the charges of driving under the influence and possession of marijuana. Appellant was then found guilty and sentenced accordingly. The court approved the entry of a nolleprosequi as to the remaining charges.
Appellant timely filed a notice of appeal and has set forth a single assignment of error. Appellant contends that the arresting officer did not have a reasonable suspicion, based upon specific and articulable facts, to justify the initial stop of his vehicle and, therefore, the trial court erred in overruling his motion to suppress.
The investigative stop exception to the Fourth Amendment to the United States Constitution warrant requirement permits a police officer to stop a motorist when the officer has a reasonable suspicion, based upon specific articulable facts, that the person is engaged in criminal activity. Terry v. Ohio (1968),392 U.S. 1; State v. Andrews (1991), 57 Ohio St.3d 86, 87, certiorari denied 501 U.S. 1220; State v. Griffith (Mar. 28, 1997), Lake App. No. 96-L-088, unreported, at 5. Accordingly, "an officer's reasonable belief that a person is acting in violation of the law is sufficient to justify an investigatory stop." Statev. VanScoder (1994), 92 Ohio App.3d 853, 855. In evaluating the propriety of the investigative stop, a court must examine the totality of the circumstances surrounding the stop as "viewed through the eyes of the reasonable and prudent police officer on the scene who must react to the events as they unfold." Andrews,supra, at 87-88; see, also, State v. Bobo (1988), 37 Ohio St.3d 177, certiorari denied 488 U.S. 910.
In reviewing the trial court's decision regarding a motion to suppress, an appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Williams (1993), 86 Ohio App.3d 37, 41; Statev. Parkison (Apr. 11, 1997), Lake App. Nos. 96-L-101 and 96-L-120, unreported, at 5. However, an appellate court must make a "fresh determination whether those facts satisfy the minimal constitutional requirements that there be a reasonable suspicion of criminal activity without deference to the trial court's decision." State v. Yemma (Aug. 9, 1996), Portage App. No. 95-P-0156, unreported, at 8, citing Williams, supra. See, also,State v. Curry (1994), 95 Ohio App.3d 93, 96; State v. Claytor
(1993), 85 Ohio App.3d 623, 627; State v. Guysinger (1993),86 Ohio App.3d 592, 594. Accordingly, in reviewing the trial court's decision in this matter, we must independently assess all of the circumstances surrounding the stop of appellant's vehicle.
Appellant argues that there were insufficient facts from which Officer Fellinger could reasonably suspect that appellant was engaged in criminal activity and that, pursuant to this court's decision in State v. Spikes (June 9, 1995), Lake App. No. 94-L-187, unreported, the trial court erred in failing to grant his motion to dismiss. In Spikes, this court held that minimal weaving within one's own lane of traffic is insufficient to warrant a stop absent other indicia of erratic driving. Id. at 8. However, we also noted that when the weaving is substantial, this fact alone may be tantamount to erratic driving providing justification for a police officer to stop the vehicle and further investigate the conditions underlying the driver's behavior. Id.; see, also, State v. Farley (Feb. 11, 1994), Lake App. No. 93-L-078, unreported, at 4-5.
The facts in the present case are clearly distinguishable from those in Spikes. Unlike the motorist in Spikes, Officer Fellinger observed appellant operate his vehicle in a continuous weaving manner crossing over the double yellow line into the other lane of traffic in violation of several laws as spelled out in the Codified Ordinances of the City of Willowick. Appellant's violation of any traffic law, such as crossing over the double yellow line, is sufficient to justify the officer's stop of appellant. As this court explained in State v. Yemma (Aug. 9, 1996), Portage App. No. 95-P-0156, unreported:
 "This court has repeatedly held that [a minor traffic violation], that is witnessed by a police officer is, standing alone, sufficient justification to warrant a limited stop for the issuance of a citation. State v. Stamper [(1995), 102 Ohio App.3d 431, 657 N.E.2d 365] (left of center violation sufficient to justify stop); State v. Gwin (Dec. 16, 1994), Portage App. No. 94-P-0013, unreported, 1994 WL 721616 (failure to control sufficient to justify stop); State v. Burwell
(June 30, 1994), Lake App. No. 93-L-122, unreported, 1994 WL 321163 (marked lane violation sufficient to justify stop); State v. Takacs (Feb. 25, 1994), Lake App. No. 93-L-087, unreported, 1994 WL 102221 (improper lane change without signal sufficient to justify stop).
 "Once the officer has stopped the vehicle for some minor traffic offense and begins the process of obtaining the offender's license and registration, the officer may then proceed to investigate the detainee for driving under the influence if he or she has a reasonable suspicion that the detainee may be intoxicated based on specific and articulable facts, such as where there are clear symptoms that the detainee is intoxicated." Id. at 5-6.
Thus, appellant's traffic violations, coupled with the Officer Fellinger's observations of appellant continually weaving within his own lane of traffic for more than one mile and crossing the double yellow line on one occasion, provided ample justification for the officer to conduct the initial stop of appellant's vehicle. Appellant's sole assignment of error is without merit.
Based on the foregoing analysis, the judgment of the trial court is hereby affirmed.
WILLIAM M. O'NEILL, JUDGE.
CHRISTLEY, P.J., and NADER, J., concur.