James Anderson is appealing from his conviction of one count of drug abuse following his no contest plea. Before his plea, he filed a motion to suppress tangible evidence seized by the police from his automobile. The motion was overruled, and the only argument Anderson brings to us on this appeal is that the decision of the trial court overruling his motion was in error.
The facts of the case and the grounds for the trial court's decision are set out in full and concisely in the decision of the trial court entered on March 19, 1998, as follows:
 This matter is before the Court on defendant's motion to suppress and memorandum in support filed herein July 17, 1996. A [sic] original hearing was scheduled for August 27, 1996. However, the defendant failed to appear and on September 10, 1996 a capias was issued for his arrest. On February 20, 1998, the state filed a response to the defendant's original motion. An oral hearing was conducted on March 3, 1998. Defendant was present, as was his attorney Timothy Young. The State of Ohio was represented by Assistant Prosecutor Nicholas P. Sylvain. Officer Roger W. Kielbaso of the Dayton Police Department was the sole witness to testify at the hearing, and the facts are derived from his testimony.
(I)
 Around 4:30 P.M. on February 14, 1996, Officers Kielbaso and Howard were on routine uniform road patrol. Officer Kielbaso was driving their cruiser westbound on Lakeview in Montgomery County, Ohio. Another vehicle, driven by the defendant, was traveling westbound. This vehicle failed to come to a complete stop at the corner of Lakeview and Clifton. Upon observing the defendant running the stop sign, the officers activated their cruisers overhead lights and initiated a traffic stop of the vehicle.
 As Officer Kielbaso approached the drivers side of the vehicle, he observed the defendant leaning forward making an odd motion. The officer described that while the defendant's torso was slightly raised out of the driver's seat, his shoulders sunk down and moved around. It clearly appeared to the officer that the defendant was attempting to shove something under his person.
 Officer Kielbaso asked the defendant for his drivers license. The defendant responded that he did not have a drivers license, but that he did have a welfare identification card. Officer Kielbaso then ordered the defendant out of the vehicle. When the defendant stood up, Officer Kielbaso noticed a metal crack pipe along with a crumpled up piece of paper on the driver's seat in the location where the defendant had made his arm movements.
 Officer Kielbaso secured the defendant in the rear of the police cruiser, while Officer Howard secured the passenger. Officer Howard then proceeded to run the defendant's identification through the K.D.T. system, while Officer Kielbaso then went back to the defendant's vehicle to recover the crack pipe and crumpled paper. He opened up the quarter sized crumpled paper which contained what appeared to be crack cocaine. The field reagent test positively identified the substance as crack cocaine.
 The officers then learned that the defendant had both an active Montgomery County felony warrant and an active City of Dayton capias. Further, the defendant was without driving privileges as his license had expired. The defendant argues in his motion to suppress that the contact between the officer and himself was non-consensual, without probable cause and beyond the scope of a search incident to arrest.
 The State argues that the existence of the active capias and warrant for the defendant's arrest provided the officers with the authority to detain and arrest the defendant regardless of whether the arresting officer had knowledge of the outstanding capias. State v. Myers (May 3, 1995), Montgomery App. No. 14856, unreported.
(II)
 In State v. Meyers, the Court of Appeals for the Second Circuit stated that:
 It is well settled that a search and seizure made incident to a lawful arrest pursuant to a warrant is reasonable by Fourth Amendment standards. Given a valid warrant to arrest, we simply do not get to issues involving warrantless searches and seizures.
 Agents of the state do not violate the law when they stop a person subject to an arrest warrant and privacy rights are not violated when the state has a warrant which authorizes the invasion of that privacy.
 We see no violation of the principles behind the exclusionary rule simply because the arresting officer was not aware of the warrant to arrest Meyer until after the stop.
 State v. Meyers (May 31, 1995), Montgomery App. No. 14856, unreported, 1995 WL 328159 at *1. In no uncertain words, the Second District has recognized that a Court need not examine the exceptions to the warrant requirement, such as Terry, when the State already has a warrant for the arrest of an individual. The Meyers Court reasoning expressly included even those situations when the arresting officer himself is without knowledge of the existence of the warrant or capias. Thus, the fact that the defendant had two valid outstanding warrants for his arrest negates any privacy interest he may have had in the vehicle. Accordingly, the defendant's motion must fail under the Meyers doctrine. However, even when utilizing a non-Meyers approach the same result is achieved — the defendant's motion must fail.
 The plain view doctrine is an exception to the requirement that police possess a warrant prior to the seizure of evidence, instrumentalities, or fruits of a crime. The United States Supreme Court in Horton v. California (1990), 496 U.S. 128, set forth the three elements of the plain view doctrine. First, it must be shown that "the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed." Id. at 136. Secondly, the officer must "have a lawful right of access to the object itself." Id. at 137. Third, the seized items "incriminating character must also be 'immediately apparent.' " Id. at 136 (citations omitted). With respect to the incriminating nature, the officers must possess more than a reasonable suspicion, the Court requires that the officers have probable cause to immediately believe that the article in plain view is obviously incriminating evidence or contraband. Arizona v. Hicks (1987), 480 U.S. 321, 326.
 The Court finds that the stop made by Officer Kielbaso was justified given that he observed the defendant fail to stop. Moreover, the Court finds that Officer Kielbaso was justified in requesting the defendant step out of the vehicle. Such a "Mimms Order" is permissible and does not require a finding of reasonable suspicion. Pennsylvania v. Mimms (1977), 434 U.S. 106; State v. Evans (1993), 67 Ohio St.3d 405, 407-08. Thus, this Court finds that Officer Kielbaso did not violate the defendant's Fourth Amendment rights in arriving at the place where the crack pipe could be plainly viewed. Further, this Court finds that the incriminating nature of the metal crack pipe was immediately apparent to Officer Kielbaso.
 The facts of this case are analogous to New York v. Belton (1980), 453 U.S. 454. "In that case, the officer had arrested Belton and his companions for possession of marijuana prior to his search. The arrests were based on the officer's observation of an envelope that was in plain view and the odor of burning marijuana. These facts provided the officer with both probable cause to arrest the occupants for possession of marijuana and probable cause to search the vehicle for additional marijuana or evidence of marijuana use." State v. Brown (1992), 63 Ohio St.3d 349, 351-52 (discussing New York v. Belton).
 In this case, Officer Kielbaso viewed the defendant make gestures as if he were attempting to hide something by sitting on it. Further, upon legally ordering the defendant out of the vehicle, the officer observed in plain view a metal crack pipe. Next to this crack pipe was a wadded up piece of paper. This Court finds that, at this point, the officer had probable cause both to arrest the defendant and to search the vehicle. The officer reasonably believing that the small wadded up paper may have contained crack cocaine, opened the paper to reveal a rock of crack cocaine. Accordingly, the subsequent search was reasonable, based on probable cause and any evidence that the officer discovered while acting within the proper scope of that search is admissible.
 The defendant additionally asks this court to suppress any and all of his statements. However, no evidence was submitted or presented on the issue of statements made by the defendant.
(III)
 The Court finds that the State of Ohio has established by a preponderance of the evidence the constitutionality of the defendant's stop and subsequent seizure of evidence. Accordingly, the defendant's motion to suppress evidence and statements is hereby OVERRULED.
Anderson presents the following two assignments of error with regard to the suppression motion:
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS THE CRACK COCAINE OBTAINED BY THE ILLEGAL SEARCH OF A CLOSED CONTAINER IN APPELLANT'S AUTOMOBILE.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED BY RULING THAT THE EXISTENCE OF A WARRANT FOR APPELLANT'S ARREST AT THE TIME OF THE STOP OF HIS VEHICLE NEGATES HIS PRIVACY INTERESTS IN HIS VEHICLE AND VALIDATES ITS ILLEGAL SEARCH.
For purposes of clarifying the law in this appellate district, we shall first take up the second assignment of error and sustain it.
The trial court relied on the decision of this court inState v. Meyers (May 3, 1995), Montgomery App. No. 14856, unreported, in holding that the search and seizure here was lawful because Anderson had an outstanding warrant (actually two) against him at the time. We noted earlier the court's decision was rendered on March 19, 1998. The court at that time did not have before it the benefit of the decision of this court in State v. Lynch (June 5, 1998), Montgomery App. No. 17028, unreported, which was rendered less than two months after the trial court's decision in this case. In Lynch we limited the Meyers line of cases by holding that evidence unconstitutionally seized prior to a valid arrest under an outstanding warrant is subject to suppression.
The second assignment of error is sustained on the authority of Lynch.
The first assignment of error, however, is overruled pursuant to the automobile exception to the warrant requirement. As Professor Lewis R. Katz has noted: "The automobile search provides the best example of the weakening of the Fourth Amendment warrant requirement and the incredible expansions of the exceptions to the requirement." Katz, Ohio Arrest, Searchand Seizure (1998 Edition), 213, Section 12.01. It is now generally understood that following a valid stop of an automobile, an officer is free to observe whatever is in plain view, and if contraband is in plain view, the officer is free to make a warrantless search of the car and its contents, including objects in closed containers. State v. VanScoder
(1994), 92 Ohio App.3d 853.
In the case before us, the stop was certainly valid, and the officer observed a metal crack pipe in plain view. Furthermore, the officer had observed Anderson acting as if he was putting something under himself in the driver's seat. The only difficulty with the case is that the prosecuting attorney failed to elicit testimony from Officer Kielbaso at the suppression hearing that, in his opinion based upon his experience, the wadded-up piece of paper next to a crack pipe is certainly a suspicious object in that cocaine is often found in such wadded-up pieces of paper. This case would be easier had that testimony been elicited, but, nevertheless, the search is still a valid one under the automobile exception. The trial court inferred that the officer had probable cause to open the paper, and we give "due weight to inferences drawn from" the facts presented to the trial judges. Orelas v. U.S. (1996),116 S.Ct. 1657, 1663.
The first assignment of error is overruled, and the judgment is affirmed.
BROGAN, J. and WOLFF, J., concur.
Copies mailed to:
Carley J. Ingram Arvin S. Miller Hon. James J. Gilvary