OPINION
Charles Roye entered a no contest plea to possession of cocaine after his motion to suppress evidence was overruled. The trial court found Roye guilty and sentenced him to nine months in prison. Roye appeals, advancing a single assignment of error and issue for review as follows:
 APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE OBTAINED FROM SEARCH OF HIS VEHICLE WAS IMPROPERLY DENIED.
Was the warrantless search of Appellant's vehicle based on probable cause under the totality of the circumstances when Appellant was arrested without probable cause while outside his vehicle and while he had no control over anything in the vehicle?
The trial court rendered a comprehensive statement of the evidence presented at the suppression hearing, at which the only witness was Fairborn Police Officer Gary Mader. The trial court also provided an extensive legal analysis of the evidence. Because the trial court's statement of the evidence finds ample support in the record and because the court's legal analysis will facilitate our disposition of the assignment of error, we will reproduce the entire statement of evidence and the relevant portion of the court's legal analysis.
At the hearing, the State called one witness, Officer Mader of the Fairborn Police Department. Officer Mader testified that he was on duty October 1, 2000, patrolling Broad Street in the City of Fairborn, Greene County, Ohio, when he observed a vehicle traveling in the opposite direction driven by the Defendant who was slumping down in his seat. Officer Mader turned his cruiser around and followed the vehicle.
Officer Mader then observed that the vehicle's license plate was not properly affixed or illuminated. At that time, based on the observations of the license plate, Officer Mader made a decision to stop the vehicle. The vehicle, in response to cruiser lights and the blast of the siren, pulled into a private property in the 300 block of Broad Street. After stopping, the Defendant hurriedly exited and went to the rear of his vehicle where he met Officer Mader. Although Defendant stated that he did not have any identification or proof of insurance with him, Officer Mader recognized the Defendant from past contact and knew of his criminal history, including an assault of a police officer. Officer Mader stated in his report (before the Court as Joint Exhibit #1) that "As Roye exited his vehicle upon stopping, I knew through my training and experience that along with his nervous behavior and furtive movements, there was a strong possibility he was attempting to hide something in the vehicle." Officer Mader further surmised that "By exiting the vehicle immediately upon being stopped, he was trying to distance himself from whatever weapons or contraband he had in the vehicle."
After the officer informed Defendant that the stop was made because of the license plate violations, due to his prior knowledge of the Defendant and his observations of the Defendant, he conducted a cursory pat down search of the Defendant, placed him in the back seat of the cruiser and proceeded to the Defendant's vehicle.
Upon approaching this vehicle, the officer was able to observe the interior of the vehicle through the driver side door which the Defendant left open when he hurriedly exited the vehicle. The officer, through that open door, observed a beer can, a Mountain Dew can with holes punched in the top and a white "rock-like" substance on the front seat.
Officer Mader retrieved these articles. He conducted a cobalt field test which revealed that the "rock-like" substance was cocaine. (After the positive field test, Mader decided to arrest Roye although he did not communicate this to Roye at that time. Parenthetical sentence ours). At that point, Officer Mader mirandized the Defendant and asked him about the Mountain Dew can. The K-9 unit then arrived and indicated the presence of narcotics between the passenger and driver's seats. Officer Mader then conducted a further search and found more suspected crack cocaine, a straw containing a white substance, several burnt Brillo pads, a crack pipe and a small piece of suspected rock cocaine in a pocket of a blazer located in the rear of the vehicle. At that point, Officer Mader informed the Defendant that he was under arrest and handcuffed and mirandized the Defendant. The Defendant was then transported to the Fairborn City Jail where a search of the Defendant revealed additional drug paraphernalia. The Motion to Suppress is based on the allegation that the stop of the vehicle was not legitimate and the search of the vehicle was not proper and legal.
A police officer may conduct a traffic stop on reasonable suspicion that the motorist is violating a municipal ordinance governing operation of a motor vehicle. Westlake v. Kaplysh, 118 Ohio App.3d 18, 20 (Cuyahoga 1997). In this case, Officer Mader reasonably believed that the vehicle Defendant was driving violated traffic laws because the license plate was not properly affixed or illuminated. Therefore, the stop of the vehicle that Defendant was driving was lawful.
Following a valid traffic stop of the vehicle based upon a violation of traffic laws, the officer is authorized to order the driver to sit in the back of the cruiser if the officer had a legitimate reason. Based upon the previous observations of the Defendant's activity and the officer's prior knowledge of the Defendant, including his prior record, the Court finds that the officer did indeed have a legitimate reason to take such action. Additionally, if there is a legitimate reason for the officer to require the motorist to sit in the back seat of the cruiser, a pat down/frisk is permissible. State v. Evans 67 O.St.3d 405, 410 (1993), cert. denied 510 U.S. 1166 (1994). Therefore, it was reasonable for the officer in this case to conduct a cursory pat down before placing the Defendant in the cruiser.
Next, Officer Mader approached the Defendant's vehicle and, while standing adjacent to the vehicle, observed possible evidence through the open driver's side door. Based upon the testimony, it is obvious to the Court that the officer's intention in approaching the vehicle was to conduct a passenger compartment search for weapons.
The Courts have authorized such a search of the passenger compartment of a vehicle for weapons when the officer possessed a reasonable and articulable suspicion, determined from the totality of the circumstances, that the driver, such as the Defendant in this case, was dangerous and might gain immediate control of weapons located in the vehicle when he returns to it. State v. Cullers, 199 (sic) O.App.3d 355 (1997).
In this case, the Court would conclude that, based upon the observations of furtive movements of the Defendant, while driving and prior to and upon exiting the vehicle, the officer's previous contact with the Defendant, the officer's knowledge of the Defendant's prior record, which was violent and included assault of a police officer, the Defendant's hurried exit from the vehicle and the extreme nervousness of the Defendant which the officer observed was not consistent with an individual stop for a traffic offense, the officer did have reasonable and articulable suspicion that he was or may be in peril of harm or injury that the Defendant might inflict with a weapon that could be hidden in the vehicle. State v. Cullers, supra.
Although the Defendant may argue that there was no permission to search or a reasonable or articulable suspicion to search and that such search was improper, the Court, based upon the record, does not agree.
However, the Court would also point out that even if the conclusion was that there were no reasonable or articulable suspicions to justify a passenger compartment search for weapons, the search would still be justified pursuant and under the purview of the "plain view" doctrine.
It is obvious to the Court that Officer Mader was also justified, as part of the traffic stop, to be in a position outside the Defendant's vehicle, where he legitimately observed what he recognized, due to his experience, as illegal contraband in the form of "crack cocaine."
Police may make warrantless seizures when they are legitimately on the premises, discover evidence, fruits of instrumentalities of crime, see such evidence in a plain view and have a probable cause to believe that the item is evidence of crime. Horton v. California, 496 U.S. 128, 136
(1990). Texas v. Brown, 460 U.S. 730, 737 (1983).
Once Officer Mader observed and/or discovered the items in plain view he is deemed to have sufficient probable cause to search the entire vehicle. State v. Fadenhotz, 1991 W.L. 106055, Nos. 60865, 60866 (8th Dist. App. Cuyahoga 6-13-91); State v. Van Schoder, 92 O.App.3d 853,637 N.E.2d 374 (Wayne 1994), N. (sic) S. v. Ross 456 U.S. 798,102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).
The additional and continued search by the officers and a drug dog were appropriate and the evidence found and seized shall not be excluded.
Roye's principal argument on appeal appears to be that because he was confined in Mader's police cruiser and thus deprived of access to his car, Mader lacked probable cause to search his car. This argument fails to appreciate that whether Mader possessed probable cause to search Roye's car had nothing to do with whether Roye was confined.
The trial court correctly determined that Mader possessed probable cause to believe the car contained contraband. The court reasonably determined that based upon his observations of Roye, Mader possessed a reasonable, articulable suspicion that Roye may have secreted a weapon in his car before he alighted from it. In those circumstances, Mader was authorized to search the passenger compartment for weapons before allowing Roye to return to the car. See State v. Cullers (1997),119 Ohio App.3d 355 . [It will be recalled that at the time Mader approached Roye's car, Mader had only observed two minor misdemeanors, offenses for which arrest is usually not authorized. R.C. 2935.26(A)]. As he approached Roye's car, Mader observed through the open car door suspected crack cocaine and drug paraphernalia in the car, which provided the requisite probable cause to search the car. United States v. Ross (1982), 456 U.S. 822; State v. VanScoder (1994), 92 Ohio App.3d 853. Furthermore, the drug sniffing dog's alerting on the car provided probable cause to believe the car contained drugs. State v. Keller (Jan. 14, 2000), Montgomery App. No. 17896, unreported.
Roye contends that Mader's recognition of him as someone who had previously assaulted a policeman did not justify either forcible detention or a search of his car. We disagree. Mader was permitted to detain Roye long enough to satisfy himself that Roye had not secreted a weapon in the car that he could turn on Mader were he permitted to return to his car. Once Mader observed the suspected crack cocaine and drug paraphernalia, he was authorized to search the car.
Roye argues that his confinement in the cruiser was an arrest unsupported by probable cause. We disagree. Confinement in a police cruiser does not necessarily constitute an arrest, State v. Broomfield (Sept. 13, 1996), Clark App. No. 95 CA 103, unreported, and Mader testified without contradiction that he did not decide to arrest Roye until after the suspected crack cocaine he had found on the driver's seat field tested positive as cocaine. Furthermore, Mader did have probable cause to believe Roye had committed two minor misdemeanors although by statute those were not arrestable offenses. (This court stated in State v. Jones (Feb. 19, 1999), Montgomery App. No. 17382, unreported, that, absent the exceptions to the "citation only" rule of R.C. 2935.26(A), a police officer may have probable cause to believe a minor misdemeanor has been committed but still lack probable cause to arrest for a minor misdemeanor).
Finally, Roye argues that if he was not under arrest, the search of his car could not have been valid as an incident to a lawful arrest. We agree with the proposition of law as stated. The validity of the search in this case is not, however, dependent upon that exception to the warrant requirement.
The assignment of error is overruled.
 ____________ WOLFF, P. J.
FAIN, J. and GRADY, J., concur.