OPINION
Defendant-appellant, Mikal J. Stanley, appeals the judgment of the Franklin County Municipal Court overruling his motion to suppress evidence stemming from a traffic stop that eventually culminated in his being arrested.
Columbus Police Officer Dick Elias initiated the traffic stop of appellant on the evening of January 30, 2000. As noted above, the officer eventually arrested appellant and charged him with operating a motor vehicle while under the influence of alcohol ("OMVI"), driving with a suspended driver's license, changing course without safety, and driving at a slow rate of speed. On March 7, 2000, appellant filed a motion to suppress evidence stemming from the traffic stop and arrest, claiming that Officer Elias lacked both reasonable suspicion of criminal activity to initiate the traffic stop and probable cause to make the arrest. A hearing on the motion was held on September 5, 2000.
Plaintiff-appellee, the city of Columbus, called Officer Elias to testify at the hearing. The officer testified to the following. Officer Elias stopped appellant after observing him driving on the freeway at a slow rate of speed and weaving his vehicle on the road. Upon stopping appellant, Officer Elias asked for a driver's license; however, appellant gave the officer a state identification card instead of a driver's license. Officer Elias proceeded to run a records check on appellant and discovered that his driver's license was suspended through 2001. Next, the officer administered field sobriety tests on appellant. After concluding that appellant failed the tests, Officer Elias arrested appellant for OMVI. Officer Elias also charged him with the other traffic offenses noted above.
At the close of evidence, the trial court denied appellant's motion to suppress, concluding that Officer Elias had reasonable suspicion to stop appellant and had probable cause to make the arrest. Subsequently, the parties entered into an agreement, whereby appellee amended the driving with a suspended driver's license charge to a charge of driving without a valid driver's license. Appellee further agreed to dismiss the charges of OMVI, changing course without safety and driving at a slow rate of speed. Appellant pleaded no contest to the amended charge. The trial court accepted appellant's plea, found him guilty of the traffic offense, and sentenced him accordingly.
Appellant appeals, raising four assignments of error:
 I. THE TRIAL COURT ERRED TO DEFENDANT'S PREJU-DICE BY OVERRULING DEFENDANT'S MOTION TO SUPPRESS BASED ON THE TRIAL COURT'S FINDING THAT THE LAW ENFORCEMENT OFFICER HAD PROBABLE CAUSE TO ARREST DEFENDANT FOR OMVI.
 II. THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY RELYING ON THE LAW ENFORCEMENT OFFICER'S OBSERVATIONS AND INTERPRETATION AND ADMINISTRATION OF FIELD SOBRIETY TESTS TO DETERMINE IF DEFENDANT WAS UNDER THE INFLUENCE OF ALCOHOL.
 III. THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY OVERRULING DEFENDANT'S MOTION TO SUPPRESS BASED ON THE TRIAL COURT'S FINDING THAT THE LAW ENFORCEMENT OFFICER HAD A REASONABLE SUSPICION OF CRIMINAL ACTIVITY.
 IV. THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY EXCLUDING FROM EVIDENCE THE NATIONAL HIGHWAY STANDARDIZED FIELD SOBRIETY TESTING PAGES PROFFERED BY DEFENDANT.
Appellant's first, second and fourth assignments of error concern his OMVI arrest. As noted above, the OMVI charge against appellant was dismissed as part of a plea bargain. Instead, appellant was ultimately convicted on the charge of driving without a valid driver's license. Because the OMVI charge was dismissed, appellant's first, second and fourth assignments of error are moot. See Ohio Civ. Serv. Emp. Assn., AFSCME, Local 11, AFL-CIO v. Ohio Dept. of Transp. (1995),104 Ohio App.3d 340, 343 (recognizing that the "`duty of * * * every * * * judicial tribunal * * * is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it'").
However, because the driving without a valid driver's license charge stemmed from the traffic stop, we will address the merits of appellant's third assignment of error, which concerns the propriety of the traffic stop. In his third assignment of error, appellant contends that Officer Elias lacked a reasonable suspicion of criminal activity to initiate the traffic stop. As such, appellant argues the trial court erred in overruling his motion to suppress evidence stemming from the unlawful stop. We disagree with appellant's contentions.
The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Searches conducted without a warrant are per se unreasonable unless they come within one of the "few specifically established and well delineated exceptions." Minnesota v. Dickerson (1993), 508 U.S. 366, 372. We have previously held that a warrant is not required for a police officer to initiate a traffic stop if the officer has a reasonable suspicion that the driver has violated a traffic law. State v. Turner (Dec. 21, 2000), Franklin App. No. 00AP-248, unreported; State v. Kuno (Nov. 6, 1997), Franklin App. No. 97APC04-497, unreported; see, also, Delaware v. Prouse (1979), 440 U.S. 648, 663 (holding that "except in those situations in which there is at least articulable and reasonable suspicion that * * * either the vehicle or an occupant is otherwise subject to seizure for violation of law, stopping an automobile and detaining the driver * * * are unreasonable under the Fourth Amendment"). The United States Supreme Court has defined reasonable suspicion as "a particularized and objective basis" for suspecting the person stopped of criminal activity. United States v. Cortez (1981), 449 U.S. 411, 417-418.
Here, Officer Elias testified that he stopped appellant's vehicle because he observed him driving in a "jerking" manner, "weaving in the lane," and "crossing over the divided white lines." Officer Elias further described that appellant "would go to the right three quarters of the way to the right lane, and then he would go back to the left. I saw him doing that for approximately three quarters of a mile." The officer also observed appellant changing lanes without giving the appropriate turn signal.
As asserted by appellee in its brief, such erratic driving violates Columbus Traffic Code 2131.14(a), which states:
 No person shall turn a vehicle or move right or left upon a street unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal * * *.
Officer Elias also testified to informing appellant that he was being stopped for traveling at a slow rate of speed. In his testimony, the officer stated that he observed appellant driving slowly in the middle lane of the freeway, causing other vehicles to pass him. Officer Elias claimed that some of the vehicles passed on the right lane, which, according to the officer, is reserved for slower moving vehicles. Columbus Traffic Code 2133.04(a) prohibits individuals from driving "at such a slow speed as to impede or block the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation or to comply with the law."
Through the above testimony, Officer Elias established that he had, at a minimum, reasonable suspicion to stop appellant for violating Columbus traffic laws. Indeed, because the officer testified that he actually observed the traffic violations, he demonstrated probable cause to initiate the traffic stop. See Whren v. United States (1996),517 U.S. 806, 810. Probable cause is a more stringent standard than reasonable suspicion. State v. VanScoder (1994), 92 Ohio App.3d 853,855. Probable cause is defined as "whether, at the moment the arrest was made, * * * the facts and circumstances within [the police officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense." Beck v. Ohio (1964), 379 U.S. 89,91; State v. Homan (2000), 89 Ohio St.3d 421, 427. The United States Supreme Court has held that the Fourth Amendment allows a police officer to make a traffic stop if he or she possesses probable cause that a driver has committed a traffic offense. Whren, at 810.
However, appellant asserts that the trial court could not properly rely on Officer Elias' testimony because the testimony lacks credibility. We recognize that appellant has a legitimate basis to challenge Officer Elias' testimony. As an example, Officer Elias' testimony on the weather conditions during the traffic stop conflicted with information he provided on the traffic ticket. Officer Elias testified that, on the night he stopped appellant, the road was wet but not covered with snow. However, when the officer filled out the traffic ticket, he indicated that the weather was snowy and that the road was covered with snow.
In addition, the officer testified to information he failed to record in his arrest report. As an example, Officer Elias testified that, before stopping appellant, a female motorist informed him that she was following a vehicle, later identified as appellant's, that had been weaving in the road. According to Officer Elias, the informant also gave him a piece of paper with the vehicle's license plate number. However, on cross-examination, the officer testified that he neither retained the note nor recorded the informant's statements in his arrest report.
However, inaccuracies in the weather condition during the traffic stop do not necessarily render Officer Elias' testimony completely incredible. Likewise, the trial court was not required to find the officer's testimony incredible solely because he testified to information not documented in the arrest report. The trial court could reasonably conclude that Officer Elias' testimony is accurate and truthful even though it contains information not recorded in the arrest report. Moreover, it is well-established that the trial court is in the best position to evaluate witness credibility. See State v. Curry (1994),95 Ohio App.3d 93, 96, citing State v. Clay (1973), 34 Ohio St.2d 250; see, also, State v. Claytor (1993), 85 Ohio App.3d 623, 627; Turner. This proposition holds true in this case, where the trial court was able to observe Officer Elias' demeanor and expressions when considering whether to accept the testimony in light of appellant's challenges.
Accordingly, based on the above, Officer Elias did not violate theFourth Amendment when he stopped appellant. As such, we overrule appellant's third assignment of error.
In summary, appellant's third assignment of error is overruled, and appellant's first, second and fourth assignments of error are moot. The judgment of the Franklin County Municipal Court is affirmed.
 _____________________ KENNEDY, J.
BOWMAN and BROWN, JJ., concur.