This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Toni R. Williamson, appeals from her conviction for possession of cocaine in the Summit County Court of Common Pleas. We affirm.
 {¶ 2} On April 16, 2002, Defendant was indicted on one count of possession of cocaine, in violation of R.C. 2925.11(A); one count of illegal use or possession of drug paraphernalia, in violation of R.C.2925.14(C)(1); and one count of possession of marijuana, in violation of R.C. 2925.11(A). Thereafter, Defendant filed a motion to suppress all evidence obtained in the search of her automobile. A hearing was held on May 9, 2002, and the court overruled Defendant's motion.
 {¶ 3} On May 16, 2002, Defendant pled "no contest" to possession of cocaine. Defendant was found guilty of said count; the remaining charges were dismissed. She was placed on community control for eighteen months. Defendant now appeals the court's denial of her motion to suppress.
 ASSIGNMENT OF ERROR {¶ 4} "The trial court erred in failing to suppress the evidence as there was no probable cause to stop [Defendant's] automobile."
 {¶ 5} In her sole assignment of error, Defendant maintains that the court improperly denied her motion to suppress all evidence. Specifically, Defendant asserts that the evidence was obtained as a result of an unconstitutional search because the officers did not have probable cause to stop her vehicle. We disagree.
 {¶ 6} A trial court makes both factual and legal findings when ruling on a motion to suppress. State v. Jones, 9th Dist. No. 20810, 2002-Ohio-1109, at ¶ 9. The review of a motion to suppress involves both questions of law and fact. State v. Nietfeld (Sept. 28, 2001), 3rd Dist. No. 2-01-05. See Jones, supra, at ¶ 9. An appellate court is bound to accept the trial court's findings of fact that are supported by competent and credible evidence as the trial court is in the best position to evaluate questions of fact, credibility, and weight of the evidence. State v. Miller (May 23, 2001), 9th Dist. No. 20227, at 5.See, also, Nietfeld, supra. However, the trial court's application of law to the findings of fact is subject to a de novo standard of review; determinations of reasonable suspicion and probable cause are reviewed de novo on appeal. Jones at ¶ 9, citing Ornelas v. United States
(1996), 517 U.S. 690, 699. See, also, Nietfeld, supra. We note that findings of historical fact are to be reviewed for clear error and inferences drawn by judges and law enforcement officers should be given due weight. Jones at ¶ 9, citing Ornelas, 517 U.S. at 699,134 L.Ed.2d 911.
 {¶ 7} In Ohio, it has been established that "an officer does not need probable cause to make a traffic stop; reasonable suspicion based on specific and articulable facts that a traffic law is being violated *** is sufficient to meet constitutional requirements.'" State v. Lloyd (1998),126 Ohio App.3d 95, 102, quoting In re Eric W. (1996), 113 Ohio App.3d 367,369-70, citing State v. Wireman (1993), 86 Ohio App.3d 451, 453. See, also, Miller, supra, at 5-6. However, "if the traffic stop is based on a traffic violation, such as one's failure to use a turn signal, which occurred in the officer's presence, the officer possesses probable cause to stop the vehicle." Miller, supra, at 6, citing Dayton v. Erickson
(1996), 76 Ohio St.3d 3, 11. Consequently, when probable cause exists, the lesser threshold of reasonable articulable suspicion has also been satisfied. Miller, supra, at 7. See State v. VanScoder (1994),92 Ohio App.3d 853, 855 (stating that the reasonable suspicion standard requires "something less" than probable cause.) When an officer has probable cause, the stop is not unreasonable under the Fourth Amendment.State v. Amos, 9th Dist. No. 01CA0029, 2001-Ohio-1653, at 4. See Statev. Baldwin, 9th Dist. No. 20566, 2002-Ohio-3733, at ¶ 11.
 {¶ 8} In the present case, the court found that proper traffic signals were not given, the officers had reason to make the stop, and thus the stop was proper. These findings are supported by the record. Officer Christopher Leitke testified that he "saw the vehicle not use its turn signal twice." Additionally, he stated that he did not have a clear view of the driver's side window and did not see any hand signals used by Defendant to motion her turn.
 {¶ 9} Defendant offered conflicting testimony. She asserted that although her left turn signal was not working, she knew to use hand signals when making a left turn. Defendant stated that "[she] never made a left-hand turn without putting [her] hand out the window, never." She explained that she rolled her window down and made a hand signal every time she turned.
 {¶ 10} The use of a proper hand signal may be a defense to the failure to use a proper signal, however, that is not the issue. The State does not have to prove beyond a reasonable doubt the offense occurred; the standard is did the officer have a reasonable articulable suspicion to stop. The officer in this case testified he did not see any signal given. That is enough to stop and investigate. Whether or not to believe that the party used the appropriate hand signal is for the trier of fact to determine.
 {¶ 11} As the trial court had the opportunity to observe the witnesses' testimony and adjudge their credibility, we conclude that the trial court did not err in determining that based on the evidence adduced at the hearing, probable cause existed to stop Defendant. See State v.Smith (1991), 61 Ohio St.3d 284, 288; State v. Hill (1996),75 Ohio St.3d 195, 208 (stating that a court's disbelief of a witness, despite other witnesses' conflicting testimony, did not present grounds for reversal.) We find that the original traffic stop was supported by reasonable suspicion. Officer Leitke personally observed Defendant make two left turns without activating a turn signal; an officer has cause to stop a vehicle committing this type of traffic violation. See Miller,supra, at 7; State v. Morgan, 2nd Dist. No. 18985, 2002-Ohio-268. Accordingly, we find that the trial court correctly denied Defendant's motion to suppress evidence. Defendant's sole assignment of error is overruled.
 {¶ 12} The Court finds that there were reasonable grounds for this appeal.
 {¶ 13} We order that a special mandate issue out of this Court, directing the , County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
 {¶ 14} Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
WHITMORE, J. and BATCHELDER, J., concur.