[Cite as *State v. Asanov*, 2013-Ohio-2754.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 25425 |
| | : | |
| v. | : | Trial Court Case No. 2012-TRD-8607 |
| | : | |
| DLYAVER ASANOV | : | (Criminal Appeal from |
| | : | Dayton Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of June, 2013.

. . . . . . . . . . .

JOHN J. DANISH, Atty. Reg. #0046639, by STEPHANIE L. COOK, Atty. Reg. #0067101, City of Dayton Prosecutor's Office, 335 West Third Street, Room 372, Dayton, Ohio 45402
         Attorney for Plaintiff-Appellee

JASON E. TREHERNE, Atty. Reg. #0074141, 212 West National Road, Post Office Box 175, Englewood, Ohio 45322
         Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, P.J.

{¶ 1}  Defendant-appellant Dlyaver Asanov appeals from his conviction and sentence

for Driving Under Suspension. Asanov contends that the trial court erred by denying his motion to suppress evidence obtained during his traffic stop, because the police initiated the traffic stop without reasonable suspicion of criminal activity.

{¶ 2} We conclude that there is sufficient evidence in the record to support the trial court's finding that the arresting officer had a reasonable suspicion of criminal activity to initiate the traffic stop. Accordingly, the judgment of the trial court is Affirmed.

### I. Sergeant Beavers Initiates a Traffic Stop Based on Excessive Smoke and Noise Emanating from the Muffler of Asanov's Vehicle

{¶ 3} Late one afternoon in July 2012, at about 5:45 p.m., Dayton Police Sergeant Matthew Beavers was on routine patrol when his attention was drawn to a gold Nissan being driven by Asanov through the intersection of Fifth Street and Jersey Street in Dayton. According to Sergeant Beavers, he could hear the vehicle's loud muffler from approximately 50 to 75 feet away, and he noticed that when the vehicle came to a stop and turned, white smoke emanated from the vehicle's exhaust. Tr. 5, 14-15, 20.

{¶ 4} Sergeant Beavers initiated the traffic stop because of the white smoke emanating from the vehicle's exhaust and the loud muffler. *Id.* at 14-15. Prior to making contact with Asanov, who was the sole occupant in the vehicle, Sergeant Beavers ran the vehicle's license plate, which indicated that the owner of the vehicle was not validly licensed to drive in Ohio or Virginia. *Id.* at 9. Sergeant Beavers then approached Asanov, told him the reason he had initiated the traffic stop, and requested his identification. *Id.* at 10. At that time, Sergeant Beavers noted that Asanov was not wearing his seat belt. Asanov presented Sergeant Beavers

with a Virginia driver's license. Sergeant Beavers returned to his cruiser to check on the status of Asanov's Virginia driver's license. Based on Sergeant Beavers's record search, it was confirmed that Asanov's Virginia driver's license was suspended and Asanov had no driving privileges in Ohio. *Id*. at 9-11.

## II. Course of the Proceedings

{¶ 5} Asanov was issued citations for Operating a Motor Vehicle Without a Valid License, a misdemeanor of the first degree in violation of R.C. 4510.12; Driving Under Suspension, a misdemeanor of the first degree in violation of R.C. 4510.11; Malfunctioning Muffler, a minor misdemeanor in violation of R.C. 4513.22; and Failure to Wear a Seatbelt, a minor misdemeanor in violation of R.C. 4513.263(B)(1).

{¶ 6} Asanov filed a motion to suppress evidence, asserting that the traffic stop was unconstitutional, because the officer lacked a reasonable suspicion of criminal activity or probable cause to initiate the traffic stop. Following a hearing, the trial court overruled the motion to suppress. Asanov then pled no contest to Driving Under Suspension. In exchange for his plea, the remaining traffic citations were dismissed. Asanov was found guilty of Driving Under Suspension and was sentenced to 180 days in jail, all of which were suspended, and one year of non-reporting probation. Asanov was also ordered to pay a $200 fine and court costs.

{¶ 7} From the judgment, Asanov appeals.

## III. The Trial Court's Decision to Overrule the Motion
## to Suppress Is Supported by Sufficient Evidence

**{¶ 8}** Asanov's sole assignment of error is as follows:

THE CAR WAS NOT EMITTING ENOUGH SMOKE OR NOISE TO PROVIDE AN OFFICER WITH REASONABLE SUSPICION TO INITIATE A TRAFFIC STOP.

**{¶ 9}** Asanov contends that the trial court should have granted his motion to suppress evidence gained as a result of the unlawful traffic stop. Specifically, Asanov argues that the traffic stop was not made on a reasonable suspicion of a malfunctioning muffler, and therefore violated his Fourth Amendment rights against unreasonable search and seizure.

**{¶ 10}** An appellate review of the denial of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. In addressing Asanov's motion to suppress, the trial court, as the trier of fact, determines the credibility of the witnesses and weighs the evidence presented at the hearing. *State v. Morgan,* 2d Dist. Montgomery No. 18985, 2002-Ohio-268, ¶ 2. When reviewing the ruling of a trial court on a suppression issue, an appellate court must accept the findings of fact made by the trial court if they are supported by competent, credible evidence. *Id.* However, "the reviewing court must independently determine, as a matter of law, whether the facts meet the appropriate legal standard." *Id.*

**{¶ 11}** A law enforcement officer must have a "reasonable articulable suspicion" that a person is or has been engaged in criminal activity before he is justified in initiating a traffic stop. *Terry v. Ohio*, 392 U.S. 1, 21-22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). "This standard requires something less than probable cause; an officer's belief that a person is acting in violation of the law is sufficient to justify an investigatory stop." *State v. VanScoder*, 92 Ohio App.3d 853, 855,

637 N.E.2d 374 (9th Dist.1994).

{¶ 12} Sergeant Beavers stopped Asanov under suspicion of a defective muffler in violation of R.C. 4513.22(A), which states, in part:

> Every motor vehicle * * * with an internal combustion engine shall at all times be equipped with a muffler which is in good working order and in constant operation to prevent excessive or unusual noise, and no person shall use a muffler cutout, by-pass, or similar device upon a motor vehicle on a highway * * * .

> No person shall own, operate, or have in the person's possession any motor vehicle * * * equipped with a device for producing excessive smoke or gas, or so equipped as to permit oil or any other chemical to flow into or upon the exhaust pipe or muffler of such vehicle, or equipped in any other way to produce or emit smoke or dangerous or annoying gases from any portion of such vehicle, other than the ordinary gases emitted by the exhaust of an internal combustion engine under normal operation.

{¶ 13} Sergeant Beavers testified that the reason he stopped Asanov's vehicle was because he observed white smoke emanating from the vehicle's exhaust and he could hear loud noise coming from the muffler. The trial court found Sergeant Beavers to be a credible witness. The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. *State v. DeHass*, 10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1967). "The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997).

{¶ 14} In addition to the testimony of Sergeant Beavers, the trial court considered audiovisual evidence. At the time of the traffic stop, Sergeant Beavers was operating a marked Dayton Police cruiser, which was equipped with a video recorder and internally with two microphones located in the front and the back of the cruiser. Tr. 5-6. When Sergeant Beavers activated the overhead lights on his vehicle, the video recorder would capture video that began up to thirty seconds before the lights were activated. However, audio did not begin to record until the lights were activated. *Id.* at 21-22.

{¶ 15} Asanov contends that the audiovisual evidence from the police cruiser contradicts Sergeant Beavers's testimony. According to Asanov, the video demonstrates that the amount of white smoke was a normal amount for an older vehicle and that the noise emanating from the muffler was not loud. We have reviewed the audiovisual evidence. The video shows white smoke emanating from the exhaust area of Asanov's vehicle.

{¶ 16} Furthermore, while we agree that the audio recording did not capture the initial loud sounds that Sergeant Beavers testified he heard as he approached Asanov's vehicle, this is understandable given that the audio recording did not begin until Sergeant Beaver subsequently activated his lights. Also, the audio in the police cruiser is specifically designed to record sound inside the cruiser, which would limit its ability to capture the sounds of a muffler outside of the cruiser. The trial court could reasonably have construed Beavers's testimony to have been that the muffler noise he heard from inside his cruiser was loud in relation to the noise that one would expect to hear from a muffler outside the cruiser; this noise would not necessarily be loud enough to have been picked up by the recording system inside the cruiser.

{¶ 17} We conclude that the audiovisual evidence before the trial court is not irreconcilably in conflict with the testimony of Sergeant Beavers, which the trial court found to

be credible.

{¶ 18}   At the time he initiated the traffic stop, Sergeant Beavers had a reasonable suspicion of criminal activity that violated R.C. 4513.22(A).   Thus, the trial court did not err in overruling Asanov's motion to suppress.   Asanov's sole assignment of error is overruled.


### IV. Conclusion

{¶ 19}   Asanov's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH and WELBAUM, JJ., concur.

Copies mailed to:

John J. Danish
Stephanie L. Cook
Jason E. Treherne
Hon. Christopher D. Roberts