**The STATE of Ohio, Appellant,**

v.

**EPLING, Appellee.**

[Cite as *State v. Epling* (1995), 105 Ohio App.3d 663.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 2402–M.

Decided Aug. 9, 1995.

*Norman E. Brague,* Wadsworth Law Director, for appellant.

*Kenneth L. Turowski,* for appellee.

QUILLIN, Judge.

The state of Ohio appeals the trial court's decision granting William D. Epling's motion to suppress. Because the investigative stop of Epling's vehicle was supported by a reasonable suspicion of criminal activity, we reverse and remand.

At about 12:20 p.m. on July 6, 1994, Officer David King of the Wadsworth Police Department was on patrol when he saw "an older kind of beater style vehicle." Because he had never seen that car in the area before, Officer King

radioed the dispatcher and had her run a check on the license plate of the vehicle. The dispatcher told Officer King that the registered owner of that car had had his driver's license suspended. The dispatcher also gave Officer King a description of the registered owner. The description was similar to that of the driver. Based on this information, Officer King stopped the vehicle and Epling was subsequently charged with driving under suspension, a violation of R.C. 4507.02.

Epling filed a motion to suppress all evidence obtained from the traffic stop, asserting that the stop was illegal because it was not supported by probable cause. The trial court granted the motion to suppress. The state appeals, asserting the following error:

## Assignment of Error

"The trial court erred in suppressing evidence gathered where the defendant contended that the traffic stop was illegal due to a lack of probable cause and the evidence at the motion hearing demonstrated that the traffic stop was made by a police officer who had been informed by his dispatcher that the owner of the vehicle had a suspended driver's license and the appearance of the driver was consistent with the description of the vehicle owner provided to the police officer by the dispatcher."

The trial court did not enter any findings other than stating that the motion to suppress was well taken. Epling does not dispute the officer's version of the facts but argues that the officer's stated reason for the stop was a pretext for stopping a car that the officer had not seen in the area before. Accepting the officer's testimony as true, our task is to determine whether the trial court applied the appropriate legal standard to the facts and whether the trial court reached the correct legal conclusion.

The United States Supreme Court established the basic standard for reviewing the propriety of a traffic stop through its holdings in *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, and *Delaware v. Prouse* (1979), 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660. Under that standard, a law enforcement officer may stop a vehicle when the officer has a reasonable suspicion, based on specific and articulable facts, that an occupant is or has been engaged in criminal activity. Reasonable suspicion is something less than probable cause. *State v. VanScoder* (1994), 92 Ohio App.3d 853, 855, 637 N.E.2d 374, 375–376.

In *State v. Kavalec* (Dec. 22, 1993), Medina App. No. 2246–M, unreported, 1993 WL 539596, we reversed the granting of a defendant's motion to suppress on facts similar to those in the case at bar. There, a Medina County Sheriff's deputy observed a truck pull out of a high crime area. The deputy followed the truck and radioed his dispatcher with the truck's license plate number. The dispatcher informed him that the truck's owner had an expired driver's license.

Based on that information and the fact that the deputy could see that the truck's driver was male, the deputy stopped the truck. Subsequently, the driver of the truck was charged with driving under the influence, operating a vehicle without a valid operator's license, and operating a vehicle without a seat belt. The trial court granted the driver's motion to suppress all evidence obtained from the traffic stop. In reversing the suppression, we noted that an officer may observe information on a license plate and transmit it to dispatch to ascertain the vehicle's owner because the driver of a car has no reasonable expectation of privacy in a license plate, which, by law, must be displayed in plain view from the exterior of the vehicle. *Id.* at 4. Using that information, the officer learned that the owner did not have a valid operator's license. Because it is reasonable to infer that an automobile's owner is driving it, the officer had reason to suspect that the driver was committing a traffic offense, a violation of R.C. 4507.02(A)(1). See *State v. Graves* (July 14, 1993), Medina App. No. 2202, unreported, 1993 WL 261562.

Here, Officer King, having called the truck's license plate number in to dispatch, learned that the owner's license was currently under suspension. It was therefore permissible for King to stop the vehicle to determine if it was the owner who was driving because King had a reasonable suspicion that the driver was committing a traffic offense.

Epling argues, however, that the stop was impermissible because the stated reason for stopping his car was pretextual—that, despite his invalid operator's license, the officer stopped his car merely because he had not seen it in the area before. This argument is without merit.

As we recently stated in *State v. Carlson* (1995), 102 Ohio App.3d 585, 593, 657 N.E.2d 591, 596:

"[A]ll challenges to the validity of a traffic stop are subject to the same *Terry* standard of review, regardless of whether the defendant raises allegations of pretext. Under that standard, a law enforcement officer must have a reasonable suspicion * * * that a motorist is or has been engaged in criminal activity before stopping a vehicle. No further inquiry beyond the requirement of reasonable suspicion is necessary or warranted. Thus, if the specific and articulable facts available to an officer indicate that a motorist may be committing a criminal act, which includes the violation of a traffic law, the officer is justified in making an investigative stop."

In this case, the facts available to the officer indicated that the driver of the vehicle may have been committing a criminal act: the owner of the vehicle had had his operator's license suspended; the dispatcher's description of the owner matched the officer's observation of the driver; and it is reasonable to presume that the driver of a vehicle is its owner. Accordingly, the officer was justified in

making an investigative stop of Epling's vehicle. No further inquiry is warranted.

Based on the foregoing, the state's assignment of error is sustained.

*Judgment reversed*
*and cause remanded.*

BAIRD, P.J., and SLABY, J., concur.