DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, State of Ohio, appeals from the decision of the Medina County Court of Common Pleas, which granted the motion to suppress of appellee, Derek D. Johnson. This Court reverses.
 {¶ 2} On April 1, 2003, shortly after 1:00 p.m., Ohio State Trooper Timothy Timberlake was stationed in the median of a divided highway, facing the northbound lanes of Interstate 71, south of Interstate 76. He was working in conjunction with two fellow officers, Sgt. Helton and Trooper Rike, who were stationed in a separate vehicle north of his position, as well as a canine partner in his own vehicle, when he noticed two SUV vehicles traveling north on Interstate 71 less than one vehicle length apart. Appellee Johnson was later identified as the driver of the first SUV.
 {¶ 3} As the two SUV's passed him, Trooper Timberlake pulled out to follow them. Trooper Timberlake observed the vehicles move simultaneously from the driving lane to the passing lane, pass a vehicle, and then move back to the driving lane again. When the SUV's returned to the driving lane, the first SUV was less than one car length behind a semi-truck, and the second SUV was less than one car length behind the first SUV. Johnson and the driver of the other SUV followed the semi-truck in this manner for approximately one-quarter of a mile. The SUV's were traveling at approximately 60 to 65 miles per hour. Trooper Timberlake radioed Trooper Rike, and instructed him to stop the first SUV while he, Trooper Timberlake, would stop the second SUV for following another vehicle too closely in violation of R.C. 4511.34. The two stops were made approximately 600 feet apart.
 {¶ 4} Based upon a subsequent search of Johnson's vehicle, Johnson was charged with possession of marijuana, in violation of R.C.2925.11(A)(C)(3)(c), and possession of crack cocaine, in violation of R.C. 2925.11(A)(C)(4)(c). Thereafter, Johnson filed a motion to suppress the evidence obtained during the search of his vehicle, and the trial judge granted the motion, finding a lack of reasonable and articulable evidence that a crime had or was about to occur when the traffic stop took place. The State timely appeals from the judgment of the trial court and asserts, in its sole assignment of error, that the trial court erred in granting Johnson's motion to suppress.
 {¶ 5} The State argues on appeal that the law enforcement officers in this case were justified in stopping Johnson's vehicle because they observed a violation of a state traffic law. Johnson contends, for his part, that the totality of the circumstances did not establish reasonable suspicion or probable cause for a traffic stop. This Court agrees with the position of the State.
 {¶ 6} Before a law enforcement officer may stop a vehicle, the officer must have a reasonable suspicion, based upon specific and articulable facts, that an occupant is or has been engaged in criminal activity.State v. Gedeon (1992), 81 Ohio App.3d 617, 618. Reasonable suspicion constitutes something less than probable cause. State v. Carlson (1995),102 Ohio App.3d 585, 590. "[I]f the specific and articulable facts available to an officer indicate that a motorist may be committing a criminal act, * * * the officer is justified in making an investigative stop." Id. at 593. The propriety of an investigative stop must be viewed in light of the totality of the circumstances. State v. Bobo (1988),37 Ohio St.3d 177, paragraph one of the syllabus. When addressing the question of reasonable suspicion to make a traffic stop, this Court reviews the trial court's determinations de novo. Ornelas v. UnitedStates (1996), 517 U.S. 690, 699, 134 L.Ed.2d 911.
 {¶ 7} The statute upon which Trooper Timberlake relied in making the traffic stop is R.C. 4511.34. That statute provides in pertinent part:
"The operator of a motor vehicle * * * shall not follow another vehicle * * * more closely than is reasonable and prudent, having due regard for the speed of such vehicle * * * and the traffic upon and the condition of the highway."
 {¶ 8} The statute prohibits the operator of a motor vehicle from following another vehicle more closely than is "reasonable and prudent." Id. Therefore, a law enforcement officer who makes a traffic stop on this ground must have "specific and articulable" facts that the driver is following another vehicle "more closely than is reasonable and prudent" available to him or her. Id.
 {¶ 9} In this case, Trooper Timberlake testified that he observed Johnson traveling within one car length of a semi-truck at a speed of between 60 and 65 miles per hour. He stated that he observed Johnson driving in this manner for approximately one-quarter of a mile. Trooper Timberlake explained that he has 11 years experience as a state trooper and that he stops drivers for the offense of following too closely on a daily basis. He testified that the recommended following distance between vehicles is one car length for every ten miles per hour. At 60 to 65 miles per hour, that would be six or more car lengths. Trooper Timberlake also testified that, based on the distance between the two vehicles, if the semi-truck had to stop suddenly, Johnson would not have been able to avoid a collision.
 {¶ 10} On appeal, Johnson argues that there was not enough evidence to justify a traffic stop, i.e. that following another vehicle too closely — and nothing more — does not justify a traffic stop.
 {¶ 11} The question of whether an insubstantial or minor violation of a traffic law will give rise to a reasonable suspicion to make an investigatory stop was resolved when the United States Supreme Court and the Ohio Supreme Court both held that any violation of a traffic law gives rise to a reasonable suspicion to make an investigatory stop of a vehicle. See Whren v. United States (1996), 517 U.S. 806; State v.Wilhelm (1998), 81 Ohio St.3d 444; Dayton v. Erickson (1996),76 Ohio St.3d 3 (holding that when a law enforcement officer has an articulable and reasonable suspicion or probable cause to stop a driver for any criminal violation, including a minor traffic violation, the stop is a constitutionally valid regardless of the officers' subjective motivation for stopping the driver).
 {¶ 12} This Court will, therefore, not "second guess whether a violation rose to the level of being `enough' of a violation for reasonable suspicion to make the stop." State v. Hodge,147 Ohio App.3d 550, 2002-Ohio-3053, ¶ 27. "[A] violation of the law is exactly that — a violation." Id. "The severity of the violation is not the determining factor as to whether probable cause existed for the stop." State v. McCormick (Feb. 5, 2001), 5th Dist. No. 2000CA00204. The proper question is whether any violation occurred, and not the extent of the violation. Hodge, ¶ 27. See, also, State v. Kellough, 4th Dist. No. 02CA14, 2003-Ohio-4552, ¶ 21, and cases citing therein.
 {¶ 13} The only question requiring analysis, then, is whether Trooper Timberlake could have reasonably concluded that the manner in which Johnson followed the semi-truck was closer than is "reasonable and prudent."
 {¶ 14} In his appellate brief, Johnson argues that he moved behind the semi-truck because he observed the state trooper's vehicle approaching from behind him, and also that he did not have enough time to adjust the distance between his vehicle and the semi-truck before the state trooper stopped his vehicle. Regarding the first point, there was no evidence before the trial court as to the reason why Johnson moved behind the semi-truck. Regarding the second point, Johnson does not dispute the fact that he was traveling within one car length of the semi-truck for one-quarter of a mile. As is stated above, the proper question for this Court is not whether a traffic violation was great enough, but whether there was a violation at all.
 {¶ 15} Based on the facts, Trooper Timberlake could have reasonably concluded that Johnson was violating a traffic law; therefore, he had reasonable suspicion to conduct an investigatory stop of Johnson's vehicle. Erickson, 76 Ohio St.3d at 11-12. Accordingly, the trial court erred in granting Johnson's motion to suppress and the State's assignment of error is sustained.
 {¶ 16} Having sustained the State's sole assignment of error, the judgment of the Medina County Court of Common Pleas is reversed.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Slaby, J., Whitmore, J., concur.