JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Robert Dowdell, Jr., appeals from a common pleas court decision denying his motion to suppress. He urges that the police did not have a reasonable suspicion of criminal activity so that they could continue to detain him and demand that he produce his driver's license. We find that the police officers had a reasonable suspicion of criminal activity sufficient to stop the vehicle. After this suspicion was dispelled, the possibility that the vehicle was stolen allowed the very slight additional intrusion of inquiring about the driver's identity. Accordingly, we affirm.
 {¶ 2} In one count of a two-count indictment filed March 23, 2007, appellant was charged with possession of less than one gram of crack cocaine. He filed a motion to suppress on April 24, 2007. This motion asserted that the police stopped the vehicle appellant was driving because they determined that the owner of that vehicle had a suspended driver's license. However, once they determined that appellant — a male — was not the female owner of the vehicle, they did not have a reasonable articulable suspicion of criminal activity to justify their continued detention of appellant. Consequently, appellant urged that evidence obtained from a search of his person incident to arrest was the fruit of an unconstitutional seizure.
 {¶ 3} The trial court held a hearing on appellant's motion to suppress on May 25, 2007. At the hearing, the state presented the testimony of Cleveland Police Officers Jerry Tucker and Kennedy Jones. They testified that they were patrolling in a "high drug area" on Wemple between Coit and Woodworth in the City of Cleveland *Page 4 
on February 26, 2007. They observed a vehicle pull away from a stop sign at a high rate of speed, suggesting that the occupants were trying to get out of view of the police. They "ran the license plate" and determined that the owner of the vehicle (a female) had a suspended driver's license. They then initiated a traffic stop.
 {¶ 4} Both officers approached the vehicle. They observed that a male-appellant — was in the driver's seat, and a female — appellant's co-defendant — was in the passenger's seat. Neither of them was the owner of the vehicle, and they did not know one another's names. The officers asked appellant if he had a valid driver's license, and he produced an identification card. The police officers then determined that he did not have a valid driver's license, and he was arrested for driving under suspension. Officer Jones patted appellant down and recovered crack cocaine from his pants pocket. Additional drug paraphernalia was recovered from under the passenger seat.
 {¶ 5} The court overruled appellant's motion to suppress. Appellant then entered a plea of no contest, and the court found him guilty and sentenced him to one year of community control sanctions on condition that he complete an in-patient treatment program and submit to regular drug testing.
 {¶ 6} Appellant's sole assignment of error challenges the court's ruling on his motion to suppress. He contends that the sole purpose of the stop was to ascertain whether the owner of the vehicle — whose license was suspended — was driving it. Once the police determined that she was not driving — i.e., when they discovered that *Page 5 
the driver was a male — they had no basis for inquiring further. Thus, according to appellant, the police officers should have turned away as soon as they saw that the driver was not a woman.
 {¶ 7} A trial court's ruling on a motion to suppress involves both factual and legal issues. We defer to the trial court's findings of fact as long as they are supported by competent, credible evidence. We then independently determine as a matter of law whether the facts satisfy the appropriate legal standard. State v. Long (1998), 127 Ohio App.3d 328,332.
 {¶ 8} The police officers here did not observe the gender of the driver of the vehicle before they stopped it. "[I]t is reasonable to infer that an automobile's owner is driving it." State v. Epling (1995),105 Ohio App.3d 663, 665. Thus, the officers here had reason to suspect that the driver was committing a traffic offense when they learned that the owner of the vehicle did not have a valid driver's license, and this suspicion was heightened by the fact that the vehicle pulled away from the stop sign at a high rate of speed. Id., citing State v. Graves (July 14, 1993), Medina App. No. 2202. This reasonable suspicion justified the police officers in stopping the vehicle.
 {¶ 9} Once they determined that the owner was not the driver, another set of issues arose, specifically, the possibility that the vehicle was stolen. Again, this possibility was enhanced by the speed with which the vehicle pulled away from the stop sign. While the mere knowledge that a vehicle is being driven by someone *Page 6 
other than the owner does not itself create a suspicion that the vehicle was stolen, once the vehicle has been stopped, the possibility that the vehicle is stolen permits the very slight additional intrusion of inquiring about the driver's identity. State v. Metcalf, Summit App. No. 23600, 2007 Ohio 4001, ¶ 11. Police inquiry about the driver's identity led to the determination that appellant's driver's license was suspended. The police then arrested appellant. The search of his person incident to the arrest revealed the crack cocaine. Accordingly, we find no error in the trial court's denial of appellant's motion to suppress.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, A.J., and ANTHONY O. CALABRESE, JR., J., CONCUR *Page 1