DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Demetrius Blair ("Blair"), appeals the judgment of the Summit County Court of Common Pleas which denied his motion to suppress and found him guilty of possession of cocaine and possession of marijuana. This Court affirms.
 I. {¶ 2} On August 22, 2007, Blair was arrested. On September 4, 2007, Blair was indicted on one count of possession of cocaine in violation of R.C. 2925.11(A), one count of possession of marijuana in violation of R.C. 2925.11(A), and one count of failing to use a turn signal in violation of R.C. 4511.39. On September 25, 2007, Blair filed a motion to suppress "any and all evidence obtained during the illegal search and seizure of the Defendant." On October 30, 2007, a hearing was held on Blair's motion to suppress, and on November 14, 2007, the trial court denied the motion. On the February 28, 2008, the jury returned a verdict of guilty for count one only, possession of cocaine, because Blair waived his right to a jury trial as to *Page 2 
count 2. On March 13, 2008, the trial court found Blair guilty of count 2, possession of marijuana, and dismissed the charge contained in count 3. On April 10, 2008, Blair was sentenced to a definite term of one year for punishment of the crime of possession of cocaine, and two days for punishment of the crime of possession of marijuana. Furthermore, the trial court ordered the sentences to be served concurrently. Blair timely appeals.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN DENYING APPELLANT'S SUPPRESSION MOTION."
 {¶ 3} Blair argues that the trial court erred in failing to suppress the evidence found in his vehicle on the day of his arrest. This Court disagrees.
 {¶ 4} This Court has found that the appropriate standard of review of a trial court's ruling regarding "a motion to suppress presents a mixed question of law and fact." State v. Swan, 9th Dist. No. 22939,2006-Ohio-2692, at ¶ 8, citing State v. Long (1998),127 Ohio App.3d 328, 332. Because the trial court assumes the role of trier of fact during a suppression hearing and is in the best position to evaluate "the credibility of witnesses and resolve questions of fact[,]"Swan at ¶ 8, citing State v. Hopfer (1996), 112 Ohio App.3d 521, 548, "[a] reviewing court `must accept the trial court's findings of fact if they are supported by competent, credible evidence.'" State v.Cutlip, 9th Dist. No. 08CA009353, 2008-Ohio-4999, at ¶ 7, quotingState v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8. "However, the application of the law to those facts will be reviewed de novo."State v. Metcalf, 9th Dist. No. 23600, 2007-Ohio-4001, at ¶ 6, citingState v. Searls (1997), 118 Ohio App.3d 739, 741.
 {¶ 5} In order to make a lawful stop of a vehicle, "the officer must have a reasonable suspicion, based upon specific and articulable facts, that an occupant is or has been engaged in *Page 3 
criminal activity." State v. Johnson, 9th Dist. No. 03CA127-M,2004-Ohio-3409, at ¶ 6, citing State v. Gideon (1992),81 Ohio App.3d 617, 618. Furthermore, "[i]n analyzing whether reasonable suspicion existed, this Court looks to `the facts available to the officer at the moment of the seizure or the search' and considers whether those facts would `warrant a man of reasonable caution in the belief that the action taken was appropriate.' (Internal quotations omitted.)" State v.Smiley, 9th Dist. No. 23815, 2008-Ohio-1915, at ¶ 19, quoting State v.Bobo (1988), 37 Ohio St.3d 177, 178-79. Ultimately, "[t]he propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances." Id. at paragraph one of the syllabus, citing State v. Freeman (1980), 64 Ohio St.2d 291.
 {¶ 6} However, the United States Supreme Court and the Supreme Court of Ohio have both found "that any violation of a traffic law gives rise to a reasonable suspicion to make an investigatory stop of a vehicle." (Emphasis omitted.) Johnson at ¶ 11, citing Whren v. United States
(1996), 517 U.S. 806; State v. Wilhelm (1998), 81 Ohio St.3d 444;Dayton v. Erickson (1996), 76 Ohio St.3d 3; See, also, State v.Barbee, 9th Dist. No. 07CA009183, 2008-Ohio-3587, at ¶ 9. More specifically, the Supreme Court of Ohio in Erickson provided:
 "[w]here a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity." Id. at syllabus.
In light of the above, this Court has held:
 "This Court will [] not second guess whether a violation rose to the level of being `enough' of a violation for reasonable suspicion to make the stop. [A] violation of the law is exactly that — a violation. The severity of the violation is not the determining factor as to whether probable cause existed for the stop. The proper question is whether any violation occurred, and not the extent of the violation." (Internal citations and quotations omitted). Johnson at ¶ 12. *Page 4 
 {¶ 7} In the case at hand, Blair was observed running into, and then out of a house in less than two minutes. The house in question was under surveillance of the Akron Police Department Street Narcotics Uniform Detail ("SNUD") at the time. SNUD had completed a "controlled buy" of drugs from the location the previous day and had a search warrant for the house. An undercover officer observed Blair's behavior and found it to be "indicative of drug trafficking" activity, and alerted other officers in the SNUD unit who were also in the area. Two uniformed officers followed Blair and pulled him over shortly thereafter. One of the officers involved in pulling over Blair testified that Blair was pulled over because of the observations made by the undercover officers, but also because "he failed to use his turn signal turning into the driveway." The same officer testified that, after they pulled behind Blair in the driveway, Blair "move[d] forward and towards the center console of the vehicle[,]" which made them "concerned about weapons." The officers asked Blair to step out of the vehicle and "conducted a Terry pat-down" on Blair, found contraband in the "right front pocket of his jeans[,]" and put Blair in handcuffs. Simultaneously, a third officer arrived at the scene and moved around to the passenger side of the vehicle. The officer observed "a bag of what [he] believed to be crack cocaine" in the center ashtray. The officer obtained the baggie by reaching through the open passenger side window, tested the substance, and confirmed that the substance was cocaine.
 {¶ 8} Blair's sole argument is: "based on the totality of the circumstances, the police did not have a basis to form a reasonable suspicion of criminal activity warranting their investigatory stop." However, Blair glosses over the fact that one of the officers who made the initial stop stated that Blair was pulled over "[g]iven the observations that the undercover detectives had made, and he failed to use his turn signal turning into the driveway." The pertinent parts of R.C. 4511.39(A) and (B) provide that "[n]o person shall turn a vehicle * * * without giving an *Page 5 
appropriate signal * * *[,]" and "whoever violates this section is guilty of a minor misdemeanor." Here, Blair does not dispute that he failed to engage his turn signal when entering the driveway and makes no argument that the traffic violation did not occur. Furthermore, Blair's counsel conceded during the suppression hearing that "there's, I don't think, any dispute that the police had the right to pull the vehicle over without using a turn signal." Therefore, it is uncontested that Blair violated a traffic law, and because he violated a traffic law, the officers acted with reasonable suspicion when they made an investigatory stop of his vehicle. Accordingly, the trial court correctly denied Blair's motion to suppress the evidence found in his vehicle.
 {¶ 9} Blair's sole assignment of error is overruled.
 III. {¶ 10} Blair's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is *Page 6 
instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 DICKINSON, J. WHITMORE, J. CONCUR
 *Page 1