[Cite as *State v. Hahn*, 2016-Ohio-7585.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28079 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RICHARD HAHN | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 2015 TRC 3905 |

DECISION AND JOURNAL ENTRY

Dated: November 2, 2016

SCHAFER, Judge.

{¶1} Defendant-Appellant, Richard Hahn, appeals the judgment of the Akron Municipal Court, denying his motion to suppress. We affirm.

I.

{¶2} On March 8, 2015, at approximately 12:55 a.m., Officer Daniel Rafferty of the Springfield Township Police Department observed a white Chevrolet Cobalt leave a bar and travel southbound on South Arlington Road. Officer Rafferty subsequently observed the vehicle driving "outside [of its] marked lane of travel multiple times" before ultimately attempting to make an illegal left-hand turn into a Walmart parking lot. Once the driver of the vehicle in question attempted to make the illegal left-hand turn, Officer Rafferty activated the overhead lights of his cruiser and effectuated a traffic stop.

{¶3} Upon establishing contact with the driver of the stopped vehicle, Officer Rafferty observed that the driver, later identified as Hahn, "had very glassy, bloodshot eyes." Officer

Rafferty also smelled the odor of an alcoholic beverage emanating from within the vehicle and observed that Hahn's actions appeared to be very slow and delayed. Specifically, Officer Rafferty noted that Hahn had great difficulty locating and handing over his driver's license. Officer Rafferty subsequently asked Hahn to exit from the vehicle in order to perform standard field sobriety tests. However, Hahn refused to take the field sobriety tests. After providing Hahn with numerous opportunities to take the field sobriety tests, Officer Rafferty elected to place Hahn under arrest. Hahn also refused to submit to a breath, blood, or urine test at the police station.

{¶4} Hahn was subsequently charged with two counts of operating a motor vehicle while under the influence ("OVI") in violation of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(2), one count of failing to wear a seatbelt in violation of R.C. 4513.263(B)(1), and failure to drive within marked lanes in violation of R.C. 4511.33. Hahn initially pleaded not guilty to the charges. Hahn thereafter filed a motion to suppress on the basis that the traffic stop was illegal because Officer Rafferty lacked reasonable suspicion that he had committed a traffic violation. The trial court ultimately denied Hahn's suppression motion following a hearing on the matter. On November 13, 2015, Hahn withdrew his not guilty pleas and pleaded no contest to OVI in violation of R.C. 4511.19(A)(1)(a). The trial court accepted Hahn's no contest plea and found him guilty of the offense. In exchange for pleading no contest to the OVI count, the remaining counts against Hahn were dismissed. The trial court subsequently sentenced Hahn, but stayed the imposition of sentence pending appeal.

{¶5} Hahn filed this timely appeal and raises two assignments of error for this Court's review. As both assignments of error implicate similar issues, we elect to address them together.

II.

**Assignment of Error I**

**The trial court erred as a matter of fact when it found the defendant traveled across marked lanes multiple times[] and attempted to make an illegal left turn.**

**Assignment of Error II**

**The trial court incorrectly decided the ultimate or final issue raised in the motion to suppress.**

{¶6}    In his first and second assignments of error, Hahn argues that the trial court erred by denying his motion to suppress because Officer Rafferty lacked a reasonable articulable suspicion that he had committed a traffic violation, thus rendering the traffic stop illegal. Specifically, Hahn contends that the trial court's factual findings that he committed marked-lane violations and attempted to make an illegal left-hand turn are against the manifest weight of the evidence since the findings are directly belied by the video footage taken from Officer Rafferty's cruiser.  We disagree.

{¶7}    A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside,* 100 Ohio St.3d 152, 2003–Ohio–5372, ¶ 8.  "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.,* citing *State v. Mills,* 62 Ohio St.3d 357, 366 (1992).  Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.* at ¶ 8.  "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.,* citing *State v. McNamara,* 124 Ohio App.3d 706 (4th Dist.1997).

{¶8}    The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and Article I, Section 10 of the Ohio Constitution protect individuals from unreasonable searches and seizures.  The Supreme Court of the United States established the basic standard for reviewing the propriety of a traffic stop through its holdings in *Terry v. Ohio*, 392 U.S. 1 (1968), and *Delaware v. Prouse*, 440 U.S. 648 (1979).  Under the standard articulated in these cases, "a law enforcement officer may stop a vehicle when the officer has a reasonable suspicion, based on specific and articulable facts, that an occupant is or has been engaged in criminal activity."  *State v. Epling*, 105 Ohio App.3d 663, 664 (9th Dist.1995).  "Reasonable suspicion is something less than probable cause."  *Id.,* citing *State v. VanScoder*, 92 Ohio App.3d 853, 855 (9th Dist.1994).  In addition, when "analyzing whether reasonable suspicion existed, this Court looks to the facts available to the officer at the moment of the seizure or the search and considers whether those facts would warrant a man of reasonable caution in the belief that the action taken was appropriate."  (Internal citations and quotations omitted.)  *State v. Blair*, 9th Dist. Summit No. 24208, 2008-Ohio-6257, ¶ 5.  Reasonable suspicion is based on the totality of the circumstances.  *See United States v. Cortez,* 449 U.S. 411, 417–418 (1981).  Finally, any violation of the traffic law provides the reasonable suspicion required for an officer to make an investigatory stop.  *State v. Johnson,* 9th Dist. Medina No. 03CA0127-M, 2004-Ohio-3409, ¶ 11, citing *Whren v. United States*, 517 U.S. 806 (1996); *State v. Wilhelm*, 81 Ohio St.3d 444 (1998); *Dayton v. Erickson*, 76 Ohio St.3d 3 (1996); *see also State v. Barbee,* 9th Dist. Lorain No. 07CA009183, 2008-Ohio-3587, ¶ 9.

{¶9}    In this case, the trial court concluded that the traffic stop of Hahn's vehicle was constitutional.  In reaching this conclusion, the trial court found that Officer Rafferty's testimony about witnessing Hahn commit marked-lane violations and attempt to make an illegal left-hand

turn was credible. As such, the trial court determined that, under the totality of the circumstances, Officer Rafferty had reasonable suspicion to initiate a traffic stop of Hahn's vehicle.

{¶10} Hahn argues that Officer Rafferty's testimony at the suppression hearing regarding his alleged traffic violations was not credible because the video footage taken from the police cruiser does not appear to show him committing any marked-lane violations. Hahn also contends that the cruiser's video footage clearly depicts him attempting to make an illegal left-hand turn only after Officer Rafferty had already activated the overhead lights of his cruiser and commenced the traffic stop. However, assuming arguendo that the video footage does not depict Hahn committing any traffic violations, Officer Rafferty testified at the suppression hearing that his cruiser's video camera only starts recording footage once the cruiser's overhead lights are activated. The camera also saves all footage taken one minute immediately prior to the cruiser's overhead lights being activated. Officer Rafferty also explicitly testified that he followed Hahn's vehicle on South Arlington Road for "probably 45 seconds to a minute" before the cruiser's video camera started saving footage. Officer Rafferty further testified that he personally observed Hahn commit marked-lane violations during the brief time that was not saved by the video camera. Although Hahn attempted to demonstrate on cross-examination that Officer Rafferty's testimony concerning the alleged traffic violations was not credible, we must defer to the trial court's credibility determinations and consideration of the weight of the evidence. *See State v. Mills*, 62 Ohio St.3d 357, 366 (1992) ("At a suppression hearing, the evaluation of evidence and the credibility of witnesses are issues for the trier of fact."), citing *State v. Fanning*, 1 Ohio St.3d 19, 20 (1982).

**{¶11}** In light of the totality of the circumstances before the trial court, we cannot say that the trial court erred in concluding that Officer Rafferty had a reasonable articulable suspicion of criminal activity such that the traffic stop of Hahn's vehicle on the night in question was legally justified. Accordingly, we conclude that the trial court did not err by denying Hahn's motion to suppress.

**{¶12}** Hahn's first and second assignments of error are overruled.

### III.

**{¶13}** With both of Hahn's assignments of error having been overruled, the judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

WHITMORE, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

CHARLES W. OLMINSKY, Attorney at Law, for Appellant.

EVE V. BELFANCE, Director of Law, and BRIAN D. BREMER, Assistant Director of Law, for Appellee.