[Cite as *State v. Bralek*, 2018-Ohio-2496.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

CHRISTOPHER BRALEK

    Appellant

C.A. No.    28727

APPEAL FROM JUDGMENT
ENTERED IN THE
STOW MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    2017TRC02061

DECISION AND JOURNAL ENTRY

Dated: June 27, 2018

SCHAFER, Presiding Judge.

{¶1} Defendant-Appellant, Christopher Bralek, appeals the denial of his motion to suppress by the Stow Municipal Court. For the reasons that follow, this Court affirms.

I.

{¶2} On March 12, 2017, Officer Myers of the City of Stow Police Department was traveling southbound on Darrow Road in Stow in the far right lane. Officer Myers twice observed a light colored SUV also traveling southbound in the left lane drift to the left toward the double yellow center line before abruptly jerking back toward the white dotted line. Officer Myers continued to follow the vehicle until he observed the vehicle nearly strike the curb after turning westbound onto Graham Road. At that time he initiated a traffic stop. Officer Myers identified Bralek as the driver of the SUV.

{¶3} Bralek was ultimately charged with one count of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination thereof in violation of R.C.

4511.19(A)(1)(a), a misdemeanor of the first degree, one count of operating a vehicle under with a breath alcohol concentration in violation of R.C. 4511.19(A)(1)(d), a misdemeanor of the first degree, one count of weaving in violation of Stow Codified Ordinance 331.34(B), a minor misdemeanor, and one count of open container in violation of R.C. 4301.62, a minor misdemeanor.

{¶4} Bralek subsequently filed a motion to suppress and at the hearing on the motion, the parties stipulated that the only issue to be resolved was whether reasonable suspicion existed to make the initial stop of the defendant's vehicle. Following the hearing, the trial court denied Bralek's motion.

{¶5} Bralek pled no contest to each of the charges and the trial court found him guilty on each count and sentenced him according to law.

{¶6} Bralek filed this timely appeal, raising one assignment of error for our review.

II.

### Assignment of Error

**The law enforcement officer that stopped [Bralek] in the matter [at] hand, lacked the necessary reasonable suspicion of criminal [activity] to make said stop, wherefore, his right to be free from unlawful search and seizure was violated per the Fourth Amendment of the United States Constitution.**

{¶7} In his sole assignment of error, Bralek contends that the trial court erred by denying his motion to suppress because Officer Myers lacked reasonable articulable suspicion to stop him.

{¶8} Appellate review of a trial court's ruling on a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *State*

*v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, ¶ 100, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Accordingly, an appellate court must accept a trial court's findings of fact when they are supported by competent, credible evidence. *Id.* However, accepting those facts as true, the appellate court must independently determine, without deference to the trial court's conclusion, whether those facts satisfy the applicable legal standard. *Burnside* at ¶ 8.

{¶9} The trial court determined that Officer Myers was in uniform, in a marked police cruiser, and on routine patrol shortly after midnight on March 12, 2017. At that time, Officer Myers' attention was drawn to a vehicle proceeding southbound on Darrow Road when he saw it weaving within its lane by nearly touching the double yellow lines in the center of the roadway and then "abruptly" correcting until nearly touching the white line. The court found that Officer Myers observed this weaving twice before he activated his dash-cam after the vehicle turned westbound on Graham Road. The court further determined that the dash-cam recording showed the vehicle, in response to the cruiser's flashing lights, drift to the middle yellow line and immediately correct to come close to striking the curb near the outside edge of the roadway before coming to a stop. The court further determined that the dash-cam only has a one minute look back recording after the activation of the cruiser's overhead lights. Accordingly, the earlier weaving described by Officer Myers was not recorded. The trial court concluded that "[w]hile the taped transaction, in and of itself, would be insufficient to establish reasonable suspicion of criminal activity, combined with the other observations of the officer in the slightly more than [a] minute before the recording, the officer could have reasonably believed that driver impairment was the cause of the irregular course of travel."

{¶10} Upon review of the trial court's findings and the record on appeal, we determine that the trial court's factual findings were supported by competent credible evidence. *See*

*Roberts*, at ¶ 100. Officer Myers was the only witness to testify at the suppression hearing. Although the State played a recording containing footage from the cruiser's dash cam, the recording was not admitted into evidence. Nonetheless, Officer Myers did testify that he observed Bralek's vehicle weaving within its lane on two separate occasions before activating the overhead lights on his cruiser.

{¶11} Having concluded that the trial court's factual findings were supported by competent credible evidence, we must now determine whether those facts satisfy the applicable legal standards. *See Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and Article I, Section 14 of the Ohio Constitution protect individuals from unreasonable searches and seizures. The Supreme Court of the United States established the basic standard for reviewing the propriety of a traffic stop through its holdings in *Terry v. Ohio*, 392 U.S. 1 (1968), and *Delaware v. Prouse*, 440 U.S. 648 (1979). Under the standard articulated in these cases, "a law enforcement officer may stop a vehicle when the officer has a reasonable suspicion, based on specific and articulable facts, that an occupant is or has been engaged in criminal activity." *State v. Epling*, 105 Ohio App.3d 663, 664 (9th Dist.1995). "Reasonable suspicion is something less than probable cause." *Id.*, citing *State v. VanScoder*, 92 Ohio App.3d 853, 855 (9th Dist.1994). In addition, when "analyzing whether reasonable suspicion existed, this Court looks to the facts available to the officer at the moment of the seizure or the search and considers whether those facts would warrant a man of reasonable caution in the belief that the action taken was appropriate." (Internal citations and quotations omitted.) *State v. Blair*, 9th Dist. Summit No. 24208, 2008-Ohio-6257, ¶ 5. Reasonable suspicion is based on the totality of the circumstances. *See United States v. Cortez*, 449 U.S. 411, 417–418 (1981). Finally, any

violation of the traffic law provides the reasonable suspicion required for an officer to make an investigatory stop. *State v. Johnson*, 9th Dist. Medina No. 03CA0127-M, 2004-Ohio-3409, ¶ 11, citing *Whren v. United States*, 517 U.S. 806 (1996); *State v. Wilhelm*, 81 Ohio St.3d 444 (1998); *Dayton v. Erickson*, 76 Ohio St.3d 3 (1996); *see also State v. Barbee*, 9th Dist. Lorain No. 07CA009183, 2008-Ohio-3587, ¶ 9

{¶12} Stow Codified Ordinance 331.42(B) states that "[n]o person shall operate a vehicle in a weaving or zigzag course unless such irregular course is necessary for the safe operation or in compliance with the law." Notably, this ordinance does not require a driver to operate a vehicle in a weaving or zigzag course over a marked traffic line in order to constitute a violation. Rather, a violation of this ordinance only requires a driver to operate a vehicle on a weaving or zigzag course without justification. *See City of Twinsburg v. Lisch*, 9th Dist. Summit Nos. 19627 and 19628, 2000 Ohio App. LEXIS 382, 6-7 (Feb. 9, 2000), quoting *State v. Wetshtein*, 9th Dist. Summit No. 19014, 1998 Ohio App. LEXIS 5272, 6 (Nov. 4, 1998) (addressing similar ordinances from other municipalities). Therefore, we conclude that "[b]ecause he observed that [Bralek] was presently in violation of a traffic ordinance, [Officer Myers] had both a reasonable suspicion of criminal activity and probable cause to stop [Bralek]'s vehicle." *Lisch* at 10.

{¶13} Therefore, Bralek's assignment of error is overruled.

### III.

{¶14} Bralek's assignment of error is overruled. The judgment of the Stow Municipal Court is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

MICHAEL T. CALLAHAN, Attorney at Law, for Appellant.

AMBER ZIBRITOSKY, Law Director, and BRENDAN MACKIN, Assistant Law Director, for Appellee.