**[Cite as *State v. Carter*, 2023-Ohio-3452.]**

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No.   30332 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JONAH LAMAR CARTER | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.   CR 21 09 390 |

DECISION AND JOURNAL ENTRY

Dated: September 27, 2023

SUTTON, Presiding Judge.

{¶1}    Defendant-Appellant Jonah Lamar Carter appeals his judgment of conviction from the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}    Following a traffic stop on September 8, 2021, Mr. Carter was arrested and charged with one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B) and R.C. 2923.16(I), a felony of the fourth degree; one count of trafficking in marijuana in violation of R.C. 2925.03(A)(2) and R.C. 2925.03(C)(3), a felony of the fourth degree; and one count of possession of marijuana, in violation of R.C. 2925.11(A), R.C. 2925.11(C)(3)(C), a felony of the fifth degree.  The indictment also included a specification for forfeiture of a weapon, pursuant to R.C. 2941.1417(A).

{¶3}    Mr. Carter informed the trial court that he wished to represent himself and the trial court permitted his counsel to withdraw.  The trial court appointed different counsel as stand-by

counsel for Mr. Carter and ordered a competency evaluation of Mr. Carter. Mr. Carter was found competent to stand trial.

{¶4} On March 30, 2022, Mr. Carter filed a motion to suppress the evidence the State obtained during the traffic stop. The trial court held a hearing on the motion on April 13, 2022. The State presented the testimony of the two officers involved in the traffic stop, Officer Donald Morgan and Officer Brett Warrick of the Akron Police Department. Mr. Carter also testified. At the conclusion of the hearing, the trial court denied Mr. Carter's motion.

{¶5} The case was then set for a jury trial. The State presented the testimony of the same police officers that testified at the suppression hearing. The State also presented the testimony of Melissa Gemmer, the State's expert witness, Akron Police Lieutenant David Garro, and Akron Police Detective James Soroky. Mr. Carter did not present any witnesses or evidence to the jury.

{¶6} The jury returned a verdict of guilty on the count of improperly handling firearms in a motor vehicle, guilty of the specification concerning forfeiture of a weapon, and guilty of possession of marijuana. The jury found Mr. Carter not guilty of the count pertaining to trafficking in marijuana. Mr. Carter was sentenced to two years of community control.

{¶7} Mr. Carter timely appealed, assigning three errors for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED, TO THE SUBSTANTIAL PREJUDICE OF [MR. CARTER], BY OVERRULING [MR. CARTER'S] MOTION TO SUPPRESS.**

{¶8} In his first assignment of error, Mr. Carter argues the trial court's findings of fact are not supported by competent, credible evidence in the record and as a result, the trial court erred when it denied his motion to suppress. For the reasons that follow, we disagree.

Standard of Review – Motion to Suppress

**{¶9}** The Supreme Court of Ohio has stated:

Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. (Citations omitted.)

*State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

Factual Findings

**{¶10}** Mr. Carter argues the trial court's findings of fact were not supported by competent, credible evidence in the record. A review of the record shows the trial court found the officers both testified that: (1) they saw the person driving the silver Honda, (2) they have a computer in their cruiser, and (3) when they ran the license plate of the silver Honda, the license plate came back to an owner having a suspended driver's license. The trial court found the officers believed that the picture of the owner of the silver Honda appeared to look like the driver the officers observed. Because driving a vehicle with a suspended license is a traffic violation, the officers stopped the vehicle.

**{¶11}** At the suppression hearing, Officer Warrick gave the following testimony regarding the stop:

We were traveling eastbound on Goodyear Boulevard. We observed a silver Honda Accord. We ran the license plate. The license plate came back to the owner being a suspended driver. We can see in the vehicle that the driver of that vehicle matched the description of the owner. * * *

We could see in the vehicle. Like I said, when we run the vehicle through our mobile [computer system], we have the [driver's license] picture that pops up. That [] picture matched the description of the driver that we could see through the vehicle.

Additionally, Officer Morgan testified:

> We were out doing patrol. Officer Warrick noticed a vehicle with tint on the window. Told me to run the vehicle's license plate. It came back to a silver Honda. The * * * registered owner of the vehicle came back suspended. The driver matched the description of the [driver's license] photo and description that was in the [computer system] terminal.

Therefore, we find that the trial court's factual findings are supported by competent, credible evidence in the record.

<u>Legal Conclusion</u>

**{¶12}** Additionally, Mr. Carter challenges the trial court's legal conclusion that the officers made a lawful stop. We conduct a de novo review of whether the trial court applied the appropriate legal standard to those facts. *See State v. Howard*, 9th Dist. Wayne No. 21AP0034, 2022-Ohio-3958, ¶ 5, citing *State v. Booth*, 9th Dist. Medina No. 02CA0061-M, 2003-Ohio-829, ¶ 12 .

**{¶13}** This Court has found that "[t]he United States Supreme Court established the basic standard for reviewing the propriety of a traffic stop through its holdings in *Terry v. Ohio*, 392 U.S. 1 (1968) and *Delaware v. Prouse*, 440 U.S. 648 (1979)[,]" and that under the standard established, "a law enforcement officer may stop a vehicle when the officer has a reasonable suspicion, based on specific and articulable facts, that an occupant is or has been engaged in criminal activity." *State v. Epling*, 105 Ohio App.3d 663, 664 (9th Dist.1995). Furthermore, "[r]easonable suspicion is something less than probable cause." *Id.,* citing *State v. VanScoder*, 92 Ohio App.3d 853, 855 (9th Dist.1994). "In addition, when 'analyzing whether reasonable suspicion existed, this Court looks to the facts available to the officer at the moment of the seizure or the search and considers whether those facts would warrant a man of reasonable caution in the belief that the action taken was appropriate.'" *State v. Mack*, 9th Dist. Summit No. 24328, 2009-

Ohio-1056, ¶ 7, quoting *State v. Blair,* 9th Dist. Summit No. 24208, 2008-Ohio-6257, ¶ 5. Finally, any violation of traffic law provides the reasonable suspicion required to make an investigatory stop. *State v. Johnson,* 9th Dist. Medina No. 03CA127-M, 2004-Ohio-3409, ¶ 11, citing *Whren v. United States*, 517 U.S. 806 (1996), *State v. Wilhelm*, 81 Ohio St.3d 444 (1998), and *Dayton v. Erickson*, 76 Ohio St.3d 3 (1996); *See also State v. Barbee,* 9th Dist. Lorain No. 07CA009183, 2008-Ohio-3587, ¶ 9.

{¶14} Here, the officers determined the registered owner of the vehicle had a suspended driver's license. Under R.C. 4510.11, it is a first degree misdemeanor to operate a motor vehicle with a license that is under suspension. *See* R.C. 4510.11; *Mack* at ¶ 9. The officers testified they observed the driver of the silver Honda, and the driver they observed matched the picture and description generated by the computer system in their police cruiser. Further, "this Court has found that it is reasonable for police officers to infer that an automobile is being driven by its registered owner." *Mack* at ¶ 9, citing *State v. Graves*, 9th Dist. Medina No. 2202, 1993 WL 261562 (July 14, 1993).

{¶15} Mr. Carter argues on appeal the "computer check regarding a license plate, without any reasonable suspicion that the driver is, in fact, under suspension is a 'random license check'" and not supported by Fourth Amendment case law. The United States Supreme Court has found that such stops do not violate the Fourth Amendment. *See Kansas v. Glover*, --- U.S. ---, 140 S.Ct. 1183 (2020). In *Glover*, the United States Supreme Court held:

> This case presents the question whether a police officer violates the Fourth Amendment by initiating an investigative traffic stop after running a vehicle's license plate and learning that the registered owner has a revoked driver's license. We hold that when the officer lacks information negating an inference that the owner is the driver of the vehicle, the stop is reasonable.

The Court went on to say that: "if an officer knows that the registered owner of the vehicle is in his mid-sixties but observes that the driver is in her mid-twenties, then the totality of the circumstances would not 'raise a suspicion that the particular individual being stopped is engaged in wrongdoing.'" (Citation omitted.) *Glover* at 1191. Here, both officers testified that the driver they observed matched the picture of the registered owner that came up in the police cruiser computer system. The officers offered no testimony, and Mr. Carter did not produce, any evidence that the officers had information to negate the inference that the owner was the driver of the car. Therefore, the officers did not violate the Fourth Amendment by initiating a traffic stop after running the silver Honda's license plate.

{¶16} Upon review of the record, we conclude that the trial court did not err when it determined the officer had reasonable articulable suspicion to initiate a traffic stop. Accordingly, Mr. Carter has not established that the trial court incorrectly denied his motion to suppress.

{¶17} Mr. Carter's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**THE STATUTORY PROVISION, [R.C.] 2923.16, IS AN UNCONSTITUTIONAL INFRINGEMENT UPON THE RIGHT TO BEAR ARMS.**

{¶18} In his second assignment of error, Mr. Carter argues R.C. 2923.16 is an unconstitutional infringement upon his Second Amendment right to bear arms. However, Mr. Carter forfeited this alleged error by failing to properly raise it before the trial court. Accordingly, this Court declines to address it.

{¶19} The failure to raise a constitutional issue at the trial level forfeits the right to make a constitutional argument on appeal. *See State v. Krowiak*, 9th Dist. Medina No. 21CA0003-M, 2022-Ohio-413, ¶ 37, citing *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus. While a defendant

who forfeits such an argument still may argue plain error on appeal, this Court will not sua sponte undertake a plain-error analysis if the defendant fails to do so. *See Krowiak* at ¶37; *State v. McCraw*, 9th Dist. Summit No. 14CA0009-M, 2015-Ohio-3809, ¶ 5; *State v. Hairston* 9th Dist. Lorain No. 05CA008768, 2006-Ohio-4925, ¶ 9. Mr. Carter has not made a plain error argument on appeal. Accordingly, this Court will not make one on his behalf.

{¶20} Mr. Carter's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

**[MR.] CARTER'S CONVICTION FOR POSSESSION OF MARIJUANA WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS I, 10 AND 6 OF THE OHIO CONSTITUTION.**

{¶21} In his third assignment of error, Mr. Carter argues that his conviction for marijuana possession was not supported by sufficient evidence. For the reasons that follow, we disagree.

### Sufficiency of the Evidence

{¶22} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009-Ohio-6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id.*

**{¶23}** Mr. Carter attacks the sufficiency of the State's evidence on appeal by challenging the State's expert witness' credentials and arguing no witness testified that the substance was marijuana.

**{¶24}** With regard to the qualifications of the State's expert witness, Mr. Carter has not separately assigned this as error. Rather, he improperly raises this argument in a sufficiency challenge. This Court is not able to consider a challenge to the expert's qualification in a sufficiency analysis, because "the reviewing court considers all the evidence admitted against the appellant at trial." *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, ¶ 80, citing *Lockhart v. Nelson*, 488 U.S. 33, 40-42 (1988). In reviewing the sufficiency of the evidence, "we must consider whether the evidence that the state offered and the trial court admitted, whether the trial court admitted the evidence erroneously or not, would have been sufficient to sustain a guilty verdict." *State v. Dotson*, 7th Dist. Mahoning No. 16 MA 0105, 2018-Ohio-2481, ¶ 64. Accordingly, this Court will not address Mr. Carter's argument to the extent he challenges the sufficiency of the expert's qualifications, because we consider all evidence admitted at trial against Mr. Carter in a sufficiency challenge.

**{¶25}** Mr. Carter argues that "no State's witness provided sufficient evidence that the substance was marijuana." A review of the record shows the State's expert witness testified that any substance that contains delta-9 tetrahydrocannabinol ("delta-9 THC") at a concentration of over .3 percent is considered hemp, and anything over that concentration is considered marijuana. *See also* R.C. 928.01(C) ("Hemp" means the plant Cannabis sativa L. and any part of that plant * * * with a delta-9 tetrahydrocannabinol concentration of not more than three-tenths per cent on a dry weight basis.); R.C. 3719.01 (""Marihuana" means all parts of a plant of the genus cannabis, whether growing or not; the seeds of a plant of that type; the resin extracted from a part of a plant

of that type; and every compound, manufacture, salt, derivative, mixture, or preparation of a plant of that type or of its seeds or resin. * * * "). Ms. Gemmer testified that the substance she tested contained delta-9 THC in a concentration of 14.5 percent, with a margin of error of two percent. Therefore, it would qualify as marijuana under the Ohio Revised Code.

{¶26} Additionally, Mr. Carter's argument ignores that the State presented evidence in the form of testimony from Officer Warrick and Officer Morgan that Mr. Carter admitted to the officers he had marijuana in his car. Officer Warrick offered the following testimony:

> As I approached the vehicle, the owner was indeed the driver that was suspended. I could immediately smell an odor of marijuana coming from the vehicle. I could also see that the driver was extremely nervous. He was shaking uncontrollably. In my body camera you'll see when he grabs his wallet to give me his ID, his hands are shaking uncontrollably. He was * * * a little bit more nervous than just a driver under suspension. I could see his chest rising and falling rapidly as if he just ran maybe a sprint or something, but he's sitting in his car driving. So I ask him if there is any marijuana in the vehicle due to me smelling it, and he admitted that there was marijuana in the vehicle.

{¶27} Viewing this evidence in a light most favorable to the prosecution, we conclude that sufficient evidence was presented that, if believed, showed that Mr. Carter knowingly possessed marijuana. The State presented evidence that the officer noticed an odor of marijuana in the car, that the officer inquired of Mr. Carter whether he had marijuana in the car and Mr. Carter answered that question in the affirmative. The officers testified they located a black backpack in the car that contained a substance the officers believed to be marijuana. And the State's expert witness testified that the substance found in Mr. Carter's car contained a concentration of delta-9 THC sufficient to be considered marijuana. Mr. Carter has not demonstrated his conviction is based upon insufficient evidence.

{¶28} Mr. Carter's third assignment of error is overruled.

III.

**{¶29}** Mr. Carter's assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

STEVENSON, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

OLIVIA A. MYERS, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.