**The STATE of Ohio, Appellee,**

v.

**MURPHY, Appellant.**

[Cite as *State v. Murphy,* 159 Ohio App.3d 74, 2004-Ohio-5817.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 04CA0010.

Decided Nov. 3, 2004.

Brent L. English, for appellant.

Martin Frantz, Wayne County Prosecuting Attorney and Karla Dodson, Assistant Prosecuting Attorney, for appellee.

---

SLABY, Judge.

{¶ 1} Defendant, Sammy Murphy, appeals from the decision of the Wayne County Municipal Court that, after denial of a motion to suppress, found him guilty of driving an overweight tractor-trailer. We affirm.

{¶ 2} Following a traffic stop in September 2003, defendant was charged with violating the load limit for his tractor-trailer under R.C. 5577.04. Defendant filed a motion to suppress information regarding the traffic stop, arguing that the police officer did not articulate sufficient facts to establish a reasonable suspicion of criminal conduct justifying the initial investigative stop of defendant's vehicle. The trial court denied the motion. Defendant then pleaded no contest to the charge, and the trial court sentenced him to a $1,000 fine. Defendant timely appealed, raising one assignment of error for our review.

## ASSIGNMENT OF ERROR

The Trial Court erred in concluding the arresting officer had constitutionally permissible justification to stop [defendant's] motor vehicle when the arresting officer admitted he did not effect the traffic stop due to a purported traffic offense but, instead, did so to conduct a 'safety inspection' based upon the purported safety record of the trucking company for whom [defendant] was working.

{¶ 3} In his sole assignment of error, defendant alleges that the trial court erred in failing to suppress information regarding the traffic stop. Specifically, defendant contends that the police officer did not have constitutional justification to stop his tractor-trailer, as the officer admitted that he had made the stop based only upon his general knowledge of the safety record of defendant's employer. The state, on the other hand, argues that multiple legal infractions justified the stop and that the officer's subjective rationale for stopping defendant is completely irrelevant. We agree with the state.

{¶ 4} Review of a trial court's denial of a motion to suppress presents a mixed question of fact and law. *State v. Long* (1998), 127 Ohio App.3d 328, 332, 713 N.E.2d 1. As the trial court is in the best position to resolve questions of fact and evaluate the credibility of witnesses, this court must give due weight to factual determinations made by the court. *State v. Hopfer* (1996), 112 Ohio

App.3d 521, 548, 679 N.E.2d 321. We therefore review the trial court's findings of fact for clear error. *State v. Russell* (1998), 127 Ohio App.3d 414, 416, 713 N.E.2d 56. We review the trial court's legal conclusions, however, under a de novo standard. Id.

{¶ 5} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution prohibit unreasonable searches and seizures. *State v. Kinney* (1998), 83 Ohio St.3d 85, 87, 698 N.E.2d 49. Suppression of evidence obtained as a result of a Fourth Amendment violation follows as a corollary to protecting rights under the Fourth Amendment. See *Mapp v. Ohio* (1961), 367 U.S. 643, 657, 81 S.Ct. 1684, 6 L.Ed.2d 1081.

{¶ 6} A traffic stop constitutes a seizure under the Fourth Amendment. *Whren v. United States* (1996), 517 U.S. 806, 809–810, 116 S.Ct. 1769, 135 L.Ed.2d 89. An investigative traffic stop does not violate the Fourth Amendment where an officer has reasonable suspicion that the person stopped is engaged in criminal activity. *Maumee v. Weisner* (1999), 87 Ohio St.3d 295, 299, 720 N.E.2d 507. To justify an investigative stop, an officer must point to "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio* (1968), 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889; *Maumee,* 87 Ohio St.3d at 299, 720 N.E.2d 507. A court must consider the totality of the circumstances in evaluating the facts and inferences supporting the stop. *State v. Freeman* (1980), 64 Ohio St.2d 291, 18 O.O.3d 472, 414 N.E.2d 1044, paragraph one of the syllabus. "[I]f the specific and articulable facts available to an officer indicate that a driver may be committing a criminal act, which includes the violation of a traffic law, the officer is justified in making an investigative stop." *State v. Shook* (June 15, 1994), 9th Dist. No. 93CA005716, 1994 WL 263194, at 4.

{¶ 7} At the hearing, Commercial Vehicle Trooper Wolfe testified that he observed defendant's distinctively colored truck near the Madison Hill exit to Wooster on U.S. Route 30. The trooper associated the color of the truck with a certain trucking company that maintained, according to the trooper, a poor safety record. Trooper Wolfe noted the deflection of the vehicle's tires as the vehicle traversed the curved ramp onto U.S. Route 30, leading him to suspect that the vehicle might be overloaded. The trooper also noted what he believed was an electric supply line from the tractor "rubbing and chafing on the trailer." Trooper Wolfe turned his vehicle around to follow defendant. When he caught up to defendant's vehicle, he observed defendant's tires cross over the white fog line on the side of the road for a distance of eight to ten inches within a few seconds. The truck immediately returned to the marked lane of travel. Following these observations, Trooper Wolfe made the traffic stop.

{¶ 8} Taken as a whole, the facts and circumstances surrounding the traffic stop support a reasonable, articulable suspicion that the defendant was in violation of a law. Operation of a vehicle over the right-hand fog line alone violates R.C. 4511.33 and may justify a traffic stop. *State v. Hodge*, 147 Ohio App.3d 550, 2002-Ohio-3053, 771 N.E.2d 331, at ¶ 17. Further, Section 393.28(a)(3), Title 49, C.F.R. requires truck wiring to be "properly supported in a manner to prevent chafing," and Trooper Wolfe testified that he is required to enforce both state and federal regulations regarding commercial vehicles. Objectively, these facts and circumstances, coupled with the trooper's suspicion that the deflected tires indicated an overweight vehicle, were sufficient to justify an investigative stop of defendant's vehicle.

{¶ 9} Defendant, however, asserts that Trooper Wolfe did not pull defendant over for any legally sufficient reason but, rather, only because he wanted to check to see whether safety violations existed in light of the trucking company's "very poor safety record." During the hearing, Trooper Wolfe unequivocally stated that he did not pull defendant over for either the marked-lane violation or the electric line. The trooper further stated that he could not tell, based only on the deflection of the tires, whether defendant's truck was overloaded. Defendant contends that we can affirm the decision of the municipal court only if we find that the trooper's subjective rationale for stopping the tractor-trailer, the company's poor safety record, was enough to justify the investigative stop. Defendant, however, misconstrues the applicable law.

{¶ 10} The question of whether articulable suspicion exists to make a traffic stop requires an objective analysis of the officer's actions, rather than the actual, subjective rationale employed by the officer in making the stop. *Dayton v. Erickson* (1996), 76 Ohio St.3d 3, 11–12, 665 N.E.2d 1091. The United States Supreme Court has further instructed that "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." *Whren*, 517 U.S. at 813, 116 S.Ct. 1769, 135 L.Ed.2d 89. The subjective rationale of the officer is irrelevant where objective factors sufficiently support a finding of articulable suspicion. *State v. Dalchuk*, 9th Dist. No. 21423, 2003-Ohio-4152, 2003 WL 21804711, at ¶ 17. The subjective motivation of an officer in no way invalidates behavior that is otherwise objectively justified under the Fourth Amendment. *State v. Jones* (Apr. 28, 1999), 9th Dist. No. 98CA007068, 1999 WL 247342, at 6.

{¶ 11} After reviewing the record of the hearing, we find that Trooper Wolfe's investigative stop was supported by reasonable, articulable suspicion of a violation of the law. Where objective factors justify the stop in accordance with the mandates of the Fourth Amendment, the subjective intent of the officer is

generally irrelevant in determining whether the stop was proper. We overrule defendant's assignment of error.

{¶ 12} We overrule defendant's assignment of error and affirm the judgment of the Wayne County Municipal Court.

Judgment affirmed.

WHITMORE, P.J., and BATCHELDER, J., concur.