[Cite as *State v. Phillips*, 2017-Ohio-1312.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 16CA0018-M |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| | |
| FELICIA E. PHILLIPS | WADSWORTH MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| | |
| Appellant | CASE No. 15-TRC-02682 |

DECISION AND JOURNAL ENTRY

Dated: April 10, 2017

---

TEODOSIO, Judge.

{¶1} Appellant, Felicia E. Phillips, appeals the judgment from the Wadsworth Municipal Court, denying her motion to suppress. This Court affirms.

{¶2} Ms. Phillips was arrested on June 14, 2015, by Ohio State Trooper Shaun Mollohan, for suspicion of driving under the influence of alcohol. She was charged in the Wadsworth Municipal Court with operating a vehicle under the influence of alcohol under R.C. 4511.19(A)(1)(a) and 4511.19(A)(1)(d), and failure to drive in marked lanes under R.C. 4511.33. A hearing was held on her motion to suppress in October 2015, and the trial court denied the motion on November 12, 2015. Ms. Phillips entered a plea of no contest to all charges, and was found guilty and sentenced by the trial court. Ms. Phillips now appeals, raising one assignment of error.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN FINDING THE TROOPER HAD REASONABLE SUSPICION TO EFFECTUATE A TRAFFIC STOP OF MS. PHILLIPS.

{¶3}  Ms. Phillips argues the trial court erred in denying her motion to suppress when it concluded that Trooper Mollohan had reasonable suspicion to stop her vehicle for failure to drive within a marked lane.  We disagree.

{¶4}  "Appellate review of a motion to suppress presents a mixed question of law and fact.  When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *State v. Burnside*, 100 Ohio St.3d 152, 2003–Ohio–5372, ¶ 8.  "[A]n appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence."  *Id*. "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusions of the trial court, whether the facts satisfy the applicable legal standard."  *Id*.  Thus, "the application of the law to those facts will be reviewed de novo."  *State v. Metcalf*, 9th Dist. Summit No. 23600, 2007–Ohio–4001, ¶ 6.

{¶5}  The Fourth Amendment to the United States Constitution and Article I, Section 14, of the Ohio Constitution protect individuals from unreasonable searches and seizures. Searches and seizures conducted outside the judicial process are per se unreasonable under the Fourth Amendment.  *Katz v. United States*, 389 U.S. 347, 357 (1967).  To overcome this presumption, the State has the burden of establishing that a warrantless search falls within one of the recognized exceptions to the warrant requirement.  *State v. Kessler*, 53 Ohio St.2d 204, 207, (1978).

**{¶6}** The investigative stop of an automobile is a seizure for purposes of the Fourth Amendment and, consequently, must be based on a law enforcement officer's reasonable suspicion "that a motorist has committed, is committing, or is about to commit a crime." *State v. Mays*, 119 Ohio St.3d 406, 2008–Ohio–4539, ¶ 7. It is well established that an officer may stop a vehicle to investigate a suspected violation of a traffic law. *State v. Sunday*, 9th Dist. Summit No. 22917, 2006–Ohio–2984, ¶ 29. In justifying the stop, the officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21 (1968). Reasonable suspicion is something less than probable cause. *State v. VanScoder*, 92 Ohio App.3d 853, 855 (9th Dist.1994).

**{¶7}** "The reasonable suspicion necessary for such a stop * * * eludes precise definition. Rather than involving a strict, inflexible standard, its determination involves a consideration of 'the totality of the circumstances.'" *Maumee v. Weisner*, 87 Ohio St.3d 295, 299 (1999). We have previously recognized that a totality of the circumstances review requires us to consider: "(1) [the] location [of the stop]; (2) the officer's experience, training, or knowledge; (3) the suspect's conduct or appearance; and (4) the surrounding circumstances." *State v. Biehl*, 9th Dist. Summit No. 22054, 2004-Ohio-6532, ¶ 14. In analyzing whether reasonable suspicion existed, this Court looks to "the facts available to the officer at the moment of the seizure or the search" and considers whether those facts would "warrant a man of reasonable caution in the belief that the action taken was appropriate." *Terry* at 21–22.

**{¶8}** Trooper Mollohan testified that he first noticed the vehicle driven by Ms. Phillips while patrolling on a five-lane road. Ms. Phillips' vehicle was traveling eastbound in the far-right lane while he was travelling westbound in the left-hand lane, and he noticed that her vehicle

seemed to be an unusual distance away from his vehicle as they passed each other. He testified that "as [he] looked, [he] was easily able to see that her right wheels were actually over the white fog line." He further testified that "as her vehicle had passed [him], it was easy for [him] to look left and actually see her vehicle's right tires over that line. The white line contrasting to the dark vehicle, her headlights displaying the road ahead of her, it's easy to see where her vehicle is in relationship to the roadway at that time." When the vehicle passed him, he was "able to see that she [was] still driving with her right tires over that white fog line of the roadway." After he had turned around to follow Ms. Phillips, but before he was able to activate his camera, he saw her again "actually drive over the white fog line." Once he was able to turn on his camera, video was recorded of Ms. Phillips' vehicle in close proximity to the fog line. Trooper Mollohan further testified that her vehicle travelled outside of its lane when going through an intersection where there were no fog lines.

{¶9} The trial court found that the video neither contradicted nor "exactly" confirmed the trooper's testimony, finding that "[w]ith the close proximity of [the] vehicle on the fog line, it is possible at those intersections that it went over to the right side where the fog line would have been, [and] the Court will accept the trooper's testimony." The trial court also noted the trooper testified that he observed the vehicle go over the fog line prior to the footage captured on the video, and found "that the trooper did establish that the defendant did not travel within marked lanes and that would be reasonable, articula[ble] suspicion to stop the vehicle."

{¶10} This Court has repeatedly recognized that the "[o]peration of a vehicle over the right-hand fog line alone violates R.C. 4511.33 and may justify a traffic stop. *State v. Murphy*, 159 Ohio App.3d 74, 2004-Ohio-5817, ¶ 8 (9th Dist.). *Accord State v. Birney*, 9th Dist. Summit No. 06CA008955, 2007-Ohio-1623, ¶ 9 (9th Dist.); *State v. Hunter*, 9th Dist. Summit No.

06CA008871, 2006-Ohio-5810, ¶ 11 (9th Dist.). Although Ms. Phillips attempted to demonstrate upon cross-examination that Trooper Mollohan's testimony concerning the alleged traffic violations was inaccurate and not credible, we must defer to the trial court's determinations of witness credibility and the weight of the evidence. *See State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Trooper Mollohan provided testimony that he directly observed Ms. Phillips' vehicle travel over the white fog lane on two occasions before the camera started recording video. Thus, Trooper Mollohan pointed to specific and articulable facts which justify the investigative stop on the reasonable suspicion that Ms. Phillips had committed a traffic violation.

{¶11} We accept the trial court's findings of fact as supported by competent, credible evidence. In light of the totality of the circumstances before the trial court, we conclude that the trial court did not err when it found that Trooper Mollohan had reasonable suspicion to conduct the stop of the vehicle. Accordingly, the trial court did not err in denying Ms. Phillips' motion to suppress.

{¶12} Ms. Phillips' assignment of error is overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

THOMAS M. DICAUDO and BENJAMIN R. SORBER, Attorneys at Law, for Appellant.

THOMAS J. MORRIS, Assistant Director of Law, for Appellee.